## TRAVELERS' INS. CO. v. PETERS et al.
### (Motion No. 8600; No. 1003—5177.) *

Commission of Appeals of Texas, Section B.
May 29, 1929.

For former opinion, see 14 S.W.(2d) 1007.

Oliver J. Todd, A. D. Moore, and Chas. S. Pipkin, all of Beaumont, for plaintiff in error.

James A. Harrison and David E. O'Fiel, both of Beaumont, for defendants in error.

LEDDY, J. We conclude that we were in error in holding that the general demurrer to defendants in error's petition should have been sustained. Our holding was based upon the proposition that the petition did not contain sufficient allegations to show that their claim presented to the Industrial Accident Board involved an amount within the jurisdiction of the district court.

The petition did not contain a specific allegation as to the amount claimed before the Industrial Accident Board. It did show, however, the average weekly wage of the deceased and contained an allegation that defendants in error had made claim for compensation before the Industrial Accident Board "in accordance with the law." While this allegation was subject to a special exception, we think it was sufficient, as against a general

*For opinion denying second rehearing, see 18 S. W.(2d) 590.

demurrer, to show that the amount claimed before the board brought the claim within the jurisdiction of the district court.

As this was an action for injuries resulting in death, the statute fixed the specific compensation to be recovered therefor. The allegation that the claim made to the board was in accordance with the law is in effect an averment that it was made for the amount provided by the statute in such cases.

We have carefully considered the other assignments urged by plaintiff in error, and have reached the conclusion that no reversible error is shown thereby.

Accordingly, we recommend that defendants in error's motion for rehearing be granted; that the judgment heretofore rendered herein be set aside, and the judgment of the Court of Civil Appeals affirmed.

CURETON, C. J. The judgment heretofore rendered in this cause is set aside, and judgment is now entered that the judgment of the Court of Civil Appeals be affirmed, as recommended by the Commission of Appeals in its opinion on rehearing.