## TEXAS INDEMNITY INS. CO. v. BEAL.
### No. 2485.

Court of Civil Appeals of Texas. El Paso. Jan. 22, 1931.

Rehearing Denied Feb. 12, 1931.

Walter Barnes and Don Emery, both of Amarillo, and T. L. Dyer, of Breckenridge, for appellant.

Thomas & Shapard, of Anson, and Ferrell & Yates, of Roby, for appellee.

PELPHREY, C. J.

Appellee, Fred Beal, on January 29, 1929, while in the employ of the Phillips Petroleum Company, suffered an injury by having a truck belonging to said Phillips Petroleum Company turn over on him. The Phillips Petroleum Company was the holder of a policy of insurance with appellant, providing for the payment of compensation to injured employees of said Phillips Petroleum Company under the terms and provisions of the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq., as amended). Appellee, in his petition, alleged that, in accordance with the terms and provisions of the Compensation Act, he gave due notice of his injury to the Industrial Accident Board, the Phillips Petroleum Company, and to appellant; that on August 30, 1930, the Industrial Accident Board made its award on his claim; that within twenty days from the date of the award he gave due notice to the Industrial Accident Board and to appellant of his unwillingness to abide by the award, and of his intention to file suit in the district court of Jones county, Tex., to have said award set aside; that within the twenty days he did file his suit; that at the time of his injury he was receiving as compensation for his services the sum of $126 per calender month, and was being furnished without charge by the Phillips Petroleum Company water and gas for domestic use of the reasonable value of $4.50 per month; that he suffered total and permanent disability by reason of such injury; and that facts existed which entitled him to a lump sum settlement.

He prayed that the award be set aside and for judgment for compensation for 401 weeks at the rate of $18.06 per week, in a lump sum, less a reasonable discount.

Appellant answered by general and special exceptions, general denial, and specially pleaded that the disability, if total, was only temporary, denied that the injury alleged was the proximate cause of appellee's disability, but that said disability, which appellant denied to exist, was caused by diseases extraneous to the operation and attendant results of the injury.

The jury, in response to special issues, found that appellee was permanently and totally disabled by the injury; that it would be a manifest hardship on appellee for the compensation to be paid in weekly installments; that the disability was not caused by pneumonia, but that the pneumonia resulted from the injury; and that the disability was not caused by any disease suffered by appellee prior to the date of the injury.

Upon the above findings, the court rendered judgment in favor of appellee for $6,878.71, less a discount of $1,519.32, leaving $5,359.39. From such judgment this appeal has been perfected.

Opinion.

Appellant presents nine propositions upon which it asks for reversal, but, in view of the fact that we think the judgment must be reversed because of the court's action on appellant's general demurrer, we will later discuss such of them as we deem necessary in view of another trial.

Appellee's petition contains the following allegations of jurisdictional facts:

"That in accordance with the terms and provisions of the said Texas Workmen's Compensation Act, as amended, that plaintiff gave due notice to both the Industrial Accident Board and to the said Texas Indemnity Insurance Company, and to said Phillips Petroleum Company, of said injury, and that said Phillips Petroleum Company, and said defendant, Texas Indemnity Insurance Company, had actual notice of said injury within thirty days from the date thereof, and that within six months thereof the plaintiff herein made due claim before the Industrial Accident Board of the State of Texas, and to the said defendant, for compensation under the terms of said Workmen's Compensation Act, as amended, and the said defendant has heretofore acknowledged liability by paying this plaintiff several sums appropriating sixty per cent of his average weekly wage for a period of several weeks.

"7. That heretofore, to-wit, on or about August 30th, 1929, the Industrial Accident Board made its final ruling and decision in said cause, a copy of which said ruling and award is filed with the papers of this cause for jurisdictional purposes, and which said ruling and award reads substantially as follows, to-wit:"

Without quoting the award, it recites that the board considered appellee's claim for compensation; that he suffered total incapacity for the total period of 26 weeks and was entitled to recover from appellant compensation at the rate of $14.37 per week for 26 weeks, or $373.62.

Appellee further alleged: "8. That within less than twenty days from the date of making said ruling and decision by the said Industrial Accident Board, the said plaintiff herein, gave due notice to the said Industrial Accident Board and to the Texas Indemnity Insurance Company, defendant herein, that he would not abide by the said ruling and decision and would within twenty days from the date of said notice file a suit in the District Court of Jones County, Texas, to set said ruling, award, and decision, aside; and that within twenty days from the date of said notice plaintiff did file a suit in said court for said purpose, being the cause hereby presented and filed."

A reading of the above-quoted pleadings will reveal that nowhere did appellee allege the amount of his claim before the

Accident Board, and appellant now contends that his petition was subject to general demurrer for that omission. The Supreme Court, in the case of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1089, in discussing the question of the jurisdiction of the courts to entertain appeals from awards made by the Industrial Accident Board, used this language: "A proceeding of this type is a special one brought under statutory power to enforce a statutory cause of action in derogation of the common law, and there can be no presumption of jurisdiction. Jurisdictional allegations are an integral and necessary part of the case, without the statement of which there is no cause of action."

In Travelers' Ins. Co. v. Peters et al., 14 S.W.(2d) 1007, Section B of the Commission of Appeals held that it was necessary to describe the award appealed from in order that the court could determine whether it had jurisdiction of the subject-matter under the claim as made before the board, and reversed the judgment of the trial court for overruling the general demurrer filed by appellant.

The holding of the Commission on the question was expressly approved by the Supreme Court. On rehearing [17 S.W.(2d) 457] the Commission receded from their original opinion, but did so in view of the peculiar facts of the case.

In their opinion on rehearing, the Commission had this to say: "We conclude that we were in error in holding that the general demurrer to defendant in error's petition should have been sustained. Our holding was based upon the proposition that the petition did not contain sufficient allegations to show that their claim presented to the Industrial Accident Board involved an amount within the jurisdiction of the district court. * * * As this was an action for injuries resulting in death, the statute fixed the specific compensation to be recovered therefor. The allegation that the claim made to the board was in accordance with law is in effect an averment that it was made for the amount provided by the statute in such cases."

The principle laid down in the original opinion would seem to apply to the case at bar, and we must sustain the assignment.

██ Objection was also made to the manner in which the special issues were submitted; appellant contending that the charge on the burden of proof called the jury's attention to the effect their answers would have on the judgment to be rendered.

There seems to be considerable confusion among the courts as to just when a charge upon the burden of proof in a special issue case will constitute reversible error. From a reading of the authorities, we have reached the conclusion that it would be a better practice for the court to require the jury to answer the issues as they find the preponderance of the evidence to be and to refrain from giving any charge as to which party had the burden of proof.

██ The statute (Rev. St. 1925, art. 8307, § 8) providing that in case of vacancy the remaining member or members could exercise all the powers of the board, we think the court was entitled to presume that the member who certified to the proceedings before the board was acting lawfully, and, in the absence of any showing to the contrary, that the contingency had arisen which entitled him to act alone. If this be true then the instruments objected to were admissible.

The matters covered by the sixth, seventh, and ninth propositions will probably not arise on another trial, and we shall not discuss them here.

We are also of the opinion that the method used by the trial court in computing the compensation to be allowed appellee was the proper one under the facts here. Howard et al. v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 292 S. W. 529.

For the reason above stated, the judgment will be reversed, and the cause remanded.