# TEXAS INDEMNITY INS. CO. v. WHITE.

## No. 2063.

Court of Civil Appeals of Texas. Beaumont.
March 17, 1931.

Rehearing Denied April 1, 1931.

Minor & Lipscomb, of Beaumont, for appellant.

Holland & Cousins and Howell & Howell, all of Beaumont, for appellee.

WALKER, J.

This is a compensation case tried upon appellee's appeal from an award of the Industrial Accident Board denying him the compensation claimed under the provisions of the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.). The following agreement was made upon the trial of the case to a jury: "It was admitted by defendant, Texas Indemnity Insurance Company that on the 18th day of June, 1928, it was the insurer for Magnolia Petroleum Company; that the Industrial Accident Board made an award in the matter of the claim of Isaac White, against the Texas Indemnity Insurance Company; that notice of dissatisfaction with the ruling of the Industrial Accident Board was given to the Company within twenty (20) days after the date of said award; and that suit was filed by the plaintiff, Isaac White in the District Court of Jefferson County, Texas, within twenty (20) days after giving notice of his dissatisfaction with the award of the Industrial Accident Board theretofore made on September 4th, 1929."

Answering special issues, the jury found that appellant sustained personal injuries on June 18, 1928, in the course of his employment with the Magnolia Petroleum Company, resulting in permanent total incapacity; his employer had actual notice of his injuries within thirty days after June 18, 1928; his physical condition was good cause for his failure to make claim for compensation within six months; his average weekly wage was $15.98; additional facts were found entitling him to a lump sum settlement. Judgment was accordingly entered in his favor for $3,377.90 "in the lump sum," with interest at 6 per cent.

### Opinion.

There being no evidence upon the issue, appellant insists that the trial agreement copied above was insufficient to show that "appellee filed his claim with the Industrial Accident Board." Appellant does not assign error against the finding of the jury on the issue of good cause for the failure to file the claim within six months. The point is that there is no evidence that the claim was ever filed. This proposition is denied. The agreement specifically states "that the Industrial Accident Board made an award in the matter of the claim of Isaac White." This agreement necessarily included the fact that the claim was filed, for otherwise the claim would not have been before the board for adjudication, and there would have been no basis for the award.

Appellant's second proposition is that the district court was without jurisdiction to try this case or, to state the proposition differently, that appellant failed to prove that the amount of his claim as adjudicated by the Industrial Accident Board was within the jurisdiction of the district court. The language of the proposition is: "It was incumbent upon the plaintiff to prove, among other things, (b) the nature of the claim, that is, whether for partial disability, total permanent disability or partial permanent disabil-

278

ity; and (c) the amount of his claim asserted before the Industrial Accident Board."

By this proposition appellant does not assert that appellee was required to prove in dollars and cents the amount claimed by him before the Industrial Accident Board, but only that he was required to show that the nature of the claim there submitted was compensable within the jurisdiction of the district court. This proposition is not sound. Where the claim is denied or the claimant is not granted an amount of compensation satisfactory to him, as against this proposition, the essential jurisdictional fact to maintain his appeal, under Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, is the identity of the injury upon which he bases his cause of action with the injury adjudicated by the Board. The amount of the claim before the Industrial Accident Board, whether for a specific sum or for a specific injury or for a sum to be calculated from the nature and extent of the claimant's disability, is immaterial upon the issue of jurisdiction of the forum selected by him to review the adverse award. Being the same injury adjudicated by the Industrial Accident Board, whatever may have been its nature or its results, that is, the nature of the injury and the extent of the claimant's incapacity as there developed, he has the right to file his suit to review the adverse award in the court that has jurisdiction to review his claim and give full compensation for the injury and its results as they exist at the time he files his suit. This proposition has support in Ætna Life Insurance Co. v. Bulgier, 19 S.W.(2d) 821, 823, where Mr. Chief Justice Jones of the Dallas Court of Civil Appeals said: "We overrule appellant's contention that appellee, having given notice to appellant and to the accident board of a specific injury, to wit, an injury affecting the right arm, in that there were fractures on the bones of said arm in and around the wrist, that she is held, under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), to a claim for only a specific injury to the arm. We do not understand this to be the construction given the law by our higher courts in cases where the ultimate result of such injury was not confined to the injured member. The intention of the law is to give full remuneration under its schedule of allowances for the injury actually received, and the results actually flowing from such injury."

This holding directly supports our proposition. For, if the Industrial Accident Board in making its award is not confined to the character of the claim filed before it, but may give full compensation for the injury and its actual results at the date of the award, certainly the claimant when he files his suit on appeal from the award of the Industrial Accident Board may claim full compensation for his injuries and "the results actually flowing from such injuries" as they exist when he files his suit on appeal, without regard to the nature of the claim or extent of disability at the time of the award.

Appellant's last proposition is that the court erred in refusing to submit, at its request, the following question: "Do you find from a preponderance of the evidence that the present disability of the defendant is due to a disease independent of an injury sustained in the course of his employment?"

Though this issue was pleaded by appellant, no error was committed in refusing to submit it to the jury, because no evidence was offered in support thereof.

For the reasons stated, it is ordered that the judgment of the lower court be and the same is hereby in all things affirmed.

Affirmed.