## BEAL v. TEXAS INDEMNITY INS. CO.
### No. 1367—5948.

Commission of Appeals of Texas, Section B. Dec. 22, 1932.

Ferrell & Yates, of Roby, and Thomas & Shapard, of Anson, for plaintiff in error.

Don Emery and T. L. Dyer, both of Amarillo, and Walter L. Barnes, of Des Moines, Iowa, for defendant in error.

LEDDY, J.

This case arises under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). It was tried in the district court upon an appeal by plaintiffs in error from an award of the Industrial Accident Board.

It was submitted to a jury upon special issues. These issues were answered favorably to plaintiff in error, and judgment was thereupon rendered awarding him a lump sum recovery.

Upon appeal the Court of Civil Appeals reversed the judgment and remanded the cause for another trial upon the ground that the trial court erred in refusing to sustain the general demurrer urged to plaintiff in error's petition, 35 S.W.(2d) 1054.

The basis for the holding by the Court of Civil Appeals that plaintiff in error's petition

was subject to a general demurrer is that it failed to show the necessary jurisdictional fact that the amount involved in plaintiff in error's claim before the Industrial Accident Board was a sum within the jurisdiction of the district court.

Plaintiff in error alleged that in the course of his employment he received an injury totally and permanently incapacitating him from pursuing any gainful occupation. The petition then alleged:

"That in accordance with the terms and provisions of the said Texas Workmen's Compensation Act, as amended, that plaintiff gave due notice to both the Industrial Accident Board and to the said Texas Indemnity Insurance Company, and to said Phillips Petroleum Company, of said injury, and that said Phillips Petroleum Company, and said defendant, Texas Indemnity Insurance Company, had actual notice of said injury within thirty days from the date thereof, and that within six months thereof the plaintiff herein made due claim before the Industrial Accident Board of the State of Texas, and to the said defendant, for compensation under the terms of said Workmen's Compensation Act, as amended, and the said defendant has heretofore acknowledged liability by paying this plaintiff several sums appropriating, sixty per cent of his average weekly wage for a period of several weeks.

"That heretofore, to-wit, on or about August 30th, 1929, the Industrial Accident Board made its final ruling and decision in said cause, a copy of which said ruling and award is filed with the papers of this cause for jurisdictional purposes, and which said ruling and award reads substantially as follows, to-wit:"

The award referred to does not show the amount claimed by plaintiff in error before the Industrial Accident Board, nor the character of injury for which compensation was there claimed. It shows merely that the board considered plaintiff in error's claim for compensation, and awarded him a recovery for total incapacity for a period of 26 weeks, adjudging that he was entitled to recover from defendant in error compensation at the rate of $14.37 per week for said period, amounting to a total of $373.62.

The allowance under the terms of the Compensation Law for the character of injury alleged, based upon plaintiff in error's average weekly wage, was a sum within the jurisdiction of the district court.

It is our conclusion that the Court of Civil Appeals was in error in holding that plaintiff in error's petition was subject to a general demurrer.

■■ When a party is dissatisfied with an award of the Industrial Accident Board, he may, by compliance with the terms of the Workmen's Compensation Act, bring a suit to set aside the award. Such suit must be brought in a court of competent jurisdiction. The amount claimed before the Industrial Accident Board, and not the amount awarded, is determinative of the proper court in which the suit must be brought.

■ The burden rests upon the party bringing such suit to show that the court in which the suit is filed has jurisdiction of the action. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. He may do this by attaching to and making a part of his petition a certified copy of the award of the Industrial Accident Board, provided such award discloses the amount involved in the claim made before the board. Or he may set forth by direct allegations in his petition that the amount claimed by him before the board was a sum within the jurisdiction of the court in which the suit is brought. But it is not absolutely essential, in order to show jurisdiction, that the amount of the claim before the board be alleged in actual dollars and cents. It is sufficient if it be shown that the claim for compensation before the board was for an injury for which the Compensation Law fixes a period of compensation which, when multiplied by the average weekly wage of the claimant, would result in a sum within the jurisdiction of the court in which the suit is brought. Travelers' Ins. Co. v. Peters (Tex. Com. App.) 17 S.W.(2d) 457.

■ The allegations in plaintiff in error's petition when given every reasonable intendment, as must be the case when their sufficiency to state a cause of action is tested by general demurrer, are sufficient to show that plaintiff in error claimed compensation before the Industrial Accident Board for an injury resulting in total permanent incapacity.

■ He alleged that he received a certain injury while in the course of his employment which totally and permanently incapacitated him, so that he was incapable of pursuing any gainful occupation. It is then averred that he gave notice to the Industrial Accident Board, his employer, and the insurance carrier "of said injury," and that within six months he made "due claim" before the Industrial Accident Board for compensation "under the terms of the compensation act." The allegation that he made due claim before the board can only reasonably be interpreted to mean that he made proper claim for the character of injury which he alleges he had received. Proper claim for his injury could not fairly be referable to some other or different injury than that which he alleges he received while in the discharge of his duties to his employer. It is not alleged that he received an injury which at first appeared to be temporary in nature and subsequently became permanent. From his averments it can reasonably be inferred that the injury received totally and permanently incapacitated

him from the time it was inflicted; hence, if a proper claim was made for such an injury, it was necessarily one for total and permanent incapacity. If his claim before the board was in fact for such an injury, then the average weekly wage alleged was such a sum that, when multiplied by the period of compensation fixed by the Compensation Law, it resulted in an amount which brought his claim within the jurisdiction of the district court.

■ While the decidedly better practice in cases brought to set aside an award of the Industrial Accident Board is to allege distinctly the amount involved in the claim made before said board, yet, as against a general demurrer, a petition must be held sufficient if the jurisdictional fact is made to appear from allegations which reasonably and fairly show the nature of the claim before the board to be such as necessarily involves an amount within the jurisdiction of the court to which the appeal is prosecuted.

We have carefully considered the other grounds urged by defendant in error for a reversal of this case. We think the Court of Civil Appeals properly held that none of such grounds presented reversible error.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.