**COMMERCIAL STANDARD INS. CO. v. ROBINSON et al.**

No. 13308.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 31, 1936.

Rehearing Denied March 6, 1936.

Leachman & Gardere, of Dallas, for appellant.

John W. West, of Dallas, for appellees.

DUNKLIN, Chief Justice.

Henry Robinson was an employee of the Austin Bridge Company, who was a subscriber within the terms of the Workmen's Compensation Act (Vernon's Ann. Civ.St. art. 8306 et seq.), carrying a policy of insurance prescribed by that act, and this appeal is by the insurance company from a judgment of the district court of Tarrant county for the sum of $4,058.36 as a lump sum settlement of compensation for injuries alleged to have been sustained by Robinson in the course of his employment.

Robinson presented his claim for compensation for his injuries to the Industrial Accident Board, and that board entered an order awarding him compensation at the rate of $7 per week for 22⅗ weeks, aggregating a total of $157. The date of that award was August 7, 1933, and on February 7, 1934, Robinson gave notice to the board and the insurance company that he was dissatisfied with the award, and that he would, within 20 days after such notice, "bring suit in a court of competent jurisdiction in Dallas County, Texas, to set aside the said final ruling and decision of the Board." The record shows that the injury to Robinson occurred while he was working in Tarrant county, and, within 20 days after the notice, he filed suit in the district court of Tarrant county, where it was finally tried.

The defendant made a motion to dismiss this suit for lack of jurisdiction in the district court. The following evidence was relied upon in support of the motion:

On September 22, 1933, Robinson filed with the Industrial Accident Board a no-

tice to the insurance company of his injuries, and also a notice of his claim for compensation therefor. His claim for compensation embodied the following:

"This is to notify you Commercial Standard Insurance Co. (Name of employer, or insurance association or company with which employer is insured.) that I claim compensation from you under the Employers' Liability Act for personal injury sustained while in the employ of Austin Bridge Co. (Name of employer) at Dallas, Texas.

"The time of my injury was 9 o'clock A. M. on the 27th day of August, 1933.

"Age 28 years.

"The place of injury was at Hunter Ferry, Tarrant County, Texas, while building bridge.

"The cause of my injury was a block of wood falling about 6 ft. from off the end cord of the bridge, which was being lifted by means of a cable to the top of the said bridge. The block of wood which hit me was used to hold the end cord in the cable.

"The nature of my injury is as follows: cut on my head 3 stitches to be taken; head bruised and neck injured.

"My wages on date of injury were $2.00 per day.

"I was employed 7 days per week. (State whether employed 6 or 7 days per week.) * * *

"Length of time employed in same employment previous to date of injury 4 Mos. (Years, months or days.)"

A like description of the injury was embodied in the notice of injury.

On September 26, 1933, the board mailed to the insurance company the following notice, which was duly received:

"Henry Robinson vs. Austin Bridge Co.
"Date of Injury 8–27–33.

"Commercial Standard Insurance Co., Dallas, Texas.

"Gentlemen: Notice of injury and claim for compensation have been filed with the Board signed by the above named claimant.

"Please investigate at once and if you are liable for the payment of compensation under the terms of the Employers' Liability Act, make prompt payment and furnish this department with the usual notice on Form A–1.

"If you have heretofore paid weekly compensation and such payments have been discontinued, so advise us on Form A–2.

"If you deny liability, please advise this Board, stating fully your reasons for doing so.

"Unless we hear from you concerning this claim within twenty days, same will be set for hearing.

"Yours very truly,
"Industrial Accident Board."

On October 26, 1933, Robinson wrote the Industrial Accident Board, stating: "The insurance company has not paid me my compensation, and I am still disabled as the result of my injury, and not able to do any work, and I respectfully request that my case be set for hearing by the Board."

On November 1, 1933, the Industrial Accident Board mailed to the insurance company the following letter:

"This is to advise you that the above styled claim has been set for hearing before the Board at Austin, Texas, for Tuesday, January 23, 1934, on its merits, to hear evidence, to determine the liability of the Insurance Company and if liable, the degree of incapacity to the claimant, and all questions before the Board incident to the main issues on which the case is set, including a reduction in the period and corresponding increase in the rate, and to fix an award in keeping with all the facts in the case.

"Yours very truly,
"Industrial Accident Board."

On January 16, 1934, plaintiff's attorney filed with the board, in support of his claim for compensation, a medical report by Dr. John F. Ford, of date January 15, 1934, addressed "To whom it may concern," and reading as follows:

"The following is a report of examination of accident case, H. A. Robinson, age 32, married, three children, four dependents, residence Grand Prairie, Route No. 1. Last employed by Austin Bridge Company.

"Patient alleges that on August 27, 1933, at about 9:00 while on duty working on a steel bridge a wooden block weighing about 30 pounds slipped from under a cable, fell six or eight feet and struck him on the right side of the back of his head. He was dazed for a few minutes. He was sent to Dr. Gilbert at Irving, Texas, who took three stitches in the laceration which was about an inch long. He was under Dr. Gilbert's treatment for two weeks. Then he was sent to Dr. Marshall who

took an X-ray and gave him medicine to ease the pain.

"Past History: He stated that he had the flu in 1918 for about two weeks. No other serious illness. No operations and no previous accidents or injuries.

"Present Complaint: Patient stated that he has a dull aching in the crown of his head all the time. At times he has sharp shooting pains from the right side of his head to the front of his head. He stated that he has severe headaches nearly every day and during these spells both ears ache with a dull aching. His eyes are weaker since the injury. He stated that he is unable to read at all, and if he attempts to read his eyes burn and water. He has dull pains in the right side of his neck most of the time. He has trouble with hearing out of both ears, the right ear being the worse. He stated that he has trouble concentrating his mind or remembering, and has dizziness which is made worse on stooping over or looking up. He is nervous since the injury and is unable to sleep well at night, and noises bother him.

"Physical Examination: Head and neck: All of the patient's teeth are present and they are normal. Gums contain a superficial pyorrhea. Pharynx and tonsils negative. Pulse rate was 88 to 92 per minute and the blood pressure was somewhat high, registering 140/90.

"Neuromuscular system: Patient had fine tremors of the tongue and fingers.

"Prognosis: This patient has been under my care since the 16th of November, 1933, and was last examined by me on January 12, 1934, and he has been unable to perform any kind of manual work while he has been under my care.

"(Signed) John F. Ford, M. D."

The defendant filed with the board the following letter, written by attorneys for the insurance company:

"Board No. S–15895,

"Henry Robinson vs. Austin Bridge Co. "For: Commercial Standard Ins. Co. Dallas, Texas.

"January 23rd, 1934.

"Members of the Board: We call your attention to the fact that this claimant was employed by the Austin Bridge Company in Tarrant County, Texas, working near Irving, Texas. His wage was $14.00 per week. On August 27th, claimant suffered a 1½ inch cut on head when struck by a load line. He was treated by Dr. Gilbert at Irving, but we have never been able to secure Dr. Gilbert's report showing date of discharge.

"The first examination and report we were able to get on this case was that of Dr. J. H. Marshall of Dallas, Texas, dated September 11. On that date, Dr. Marshall made a thorough examination of the claimant, reporting that claimant had possibly suffered a slight concussion, but symptoms were subjective.

"On November 9, 1933, claimant was examined by Dr. M. E. Lott, of the Southwest Clinic of Dallas, and his report is next attached for your information. Dr. Lott stated on November 9th, that claimant was able to resume his regular duties without delay.

"We deny liability for the payment of compensation beyond November 9, 1933.

"Respectfully submitted,
"Hammerman and Gainer."

All those documents were on file with the board before it made its award on January 30, 1934, and they were all introduced in evidence before the trial court at the hearing of defendant's plea to its jurisdiction to award the compensation sued for in that court.

Plaintiff's petition embodied allegations as to how he was injured, the nature and extent of his injury, and its resultant consequences substantially the same as Dr. Ford said in his letter plaintiff had related to him, with further allegations of a brain lesion substantially the same as the report of Dr. Marshall to defendant, shown in the letter of defendant's attorneys, addressed to the board and copied above. It was further alleged that the lesion of the brain had caused an "increased spinal pressure from fifteen (15) to eighteen (18) millimeters of mercury pressure; that seven (7) to nine (9) millimeters of mercury pressure is normal. That by reason of said injuries plaintiff has been rendered totally disabled from doing manual labor, and that said condition is permanent, and that said condition is a direct and proximate result of the injuries sustained on said time and occasion." Then follow allegations that at the time of his injury he was earning a weekly wage of $14, with a prayer for recovery of compensation for 401 weeks for total and permanent disability; and in the alternative for 301 weeks as compensation for permanent partial disability, if mistaken in his allegation that the disability is total; and the court awarded a lump sum for total permanent disability, at the rate of $14 per week for 401

1150

weeks, all in accordance with findings by the jury.

Appellant insists that plaintiff failed to discharge the burden of showing jurisdiction in the district court to award him the compensation sued for, and, therefore, the court erred in overruling its plea in abatement for lack of such showing. In support of that contention, it is argued that there is an absence of any showing in the evidence that the claim presented by plaintiff to the Accident Board was for as much as $500, which was the least amount necessary to confer jurisdiction in the district court.

We quote the following from the opinion of the Commission of Appeals in the case of Beal v. Texas Indemnity Ins. Co., 55 S.W.(2d) 801, 802:

"When a party is dissatisfied with an award of the Industrial Accident Board, he may, by compliance with the terms of the Workmen's Compensation Act, bring a suit to set aside the award. Such suit must be brought in a court of competent jurisdiction. The amount claimed before the Industrial Accident Board, and not the amount awarded, is determinative of the proper court in which the suit must be brought.

"The burden rests upon the party bringing such suit to show that the court in which the suit is filed has jurisdiction of the action. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084. He may do this by attaching to and making a part of his petition a certified copy of the award of the Industrial Accident Board, provided such award discloses the amount involved in the claim made before the board. Or he may set forth by direct allegations in his petition that the amount claimed by him before the board was a sum within the jurisdiction of the court in which the suit is brought. But it is not absolutely essential, in order to show jurisdiction, that the amount of the claim before the board be alleged in actual dollars and cents. It is sufficient if it be shown that the claim for compensation before the board was for an injury for which the Compensation Law fixes a period of compensation which, when multiplied by the average weekly wage of the claimant, would result in a sum within the jurisdiction of the court in which the suit is brought. Travelers' Ins. Co. v. Peters (Tex.Com.App.) 17 S.W. (2d) 457."

To the same effect was the opinion of the Court of Civil Appeals at Waco, in Texas Employers' Insurance Co. v. Nunamaker, 267 S.W. 749, in which case a writ of er-

ror was refused by the Supreme Court, and also the opinion by the Court of Civil Appeals at Dallas, 278 S.W. 889, on a subsequent appeal from a judgment in the county court between the same parties, after determination of the former appeal to the Waco court. The same holding was made by the Amarillo Court of Civil Appeals in Texas Indemnity Co. v. Pemberton, 9 S.W. (2d) 65, 67.

In Texas Indemnity Insurance Co. v. White, 37 S.W.(2d) 277, the Court of Civil Appeals at Beaumont held that in such cases the essential jurisdictional fact to maintain the appeal is the identity of the injury upon which the cause of action is based with the injury adjudicated by the board, and that the amount of the claim presented to the board is immaterial. But the opinion does not disclose the amount of claim that was in fact presented to the board, or that the injury described by the claimant was such as that the amount could be computed therefrom. An application for writ of error in that case was dismissed by our Supreme Court.

In Texas Employers' Ins. Ass'n v. Moore, 46 S.W.(2d) 404, the same court cited with approval its decision in the White Case, but that announcement was unnecessary to sustain the ruling made in the disposition of the appeal, in view of what was said immediately preceding it, as follows:

"Appellant's first contention is that the trial court erroneously overruled its general demurrer to appellee's petition. The precise point advanced by appellant in this connection is that appellee's petition did not allege that the amount involved in his claim before the Industrial Accident Board was in excess of $500, and counsel for appellant contend that, lacking this allegation, appellee's petition failed to state a cause of action in his favor and against appellant, cognizable by the district court.

"In disposing of this proposition, we say first that we cannot agree with counsel for appellant in their construction of appellee's petition. On the contrary, as we construe appellee's petition as a whole, it is quite clear therefrom that appellee's claim as made and acted upon by the Industrial Accident Board was far in excess of $500, and therefore we would overrule appellant's contention in this connection, regardless of the soundness of it as an abstract legal proposition."

And we believe that the same may be said of the opinion of the Commission of Ap-

peals in the same case, reported in 123 Tex. 302, 70 S.W.(2d) 702, in which only one issue was discussed, to wit, whether the suit was prematurely brought, followed by a general announcement, to the effect that other assignments had been carefully considered and the court had reached the conclusion that the same had been correctly disposed of by the Court of Civil Appeals.

It is a further general rule that in a suit to set aside an award by the Board of Arbitration, the entire claim will be adjudicated as between all the parties. Southern Casualty Co. v. Fulkerson (Tex.Com.App.) 45 S.W.(2d) 152; Maryland Casualty Co. v. Reel (Tex.Civ.App.) 64 S.W.(2d) 1047; Jarrett v. Travelers' Ins. Co. (Tex.Civ.App.) 66 S.W.(2d) 415 (writ dismissed); Republic Underwriters v. Howard (Tex.Civ.App.) 69 S.W.(2d) 584 (writ dismissed). But we are convinced that the rule announced in those decisions is applicable only when the trial court acquires jurisdiction.

Many other decisions might be cited announcing the rule that if the claim made before the Accident Board is for an amount above or below the jurisdiction of the court in which the suit is instituted, then the suit therein filed will be dismissed for want of jurisdiction. Among those decisions are Maryland Casualty Co. v. Hipp (Tex.Civ.App.) 22 S.W.(2d) 147; Travelers' Insurance Co. v. Peters (Tex.Com.App.) 14 S.W.(2d) 1007; Id., on rehearing (Tex.Com.App.) 17 S.W.(2d) 457; Georgia Casualty Co. v. Griesenbeck (Tex.Civ.App.) 210 S.W. 273. However, in some of those cases the amount in controversy was specifically stated in the claims filed with the Accident Board, while in others the injuries were such that the compensation therefor would follow by virtue of the provisions of the act fixing the amount of compensation therefor.

There was nothing in the claim filed by Robinson with the Accident Board to show the amount of compensation sought by him. The claim embodied the statement that he was working for a wage of $2 per day, but there was no allegation as to how long his employment would likely have continued but for the injury, nor that the injury he sustained was of a permanent character and would totally or partially destroy his ability to work in the future.

It is manifestly deducible from the decisions cited above that plaintiff's claim filed with the Industrial Accident Board was in legal effect his pleading upon which he could offer proof of compensation to which he was entitled under the Workmen's Compensation Act; and that the amount in controversy before the board is to be determined by the allegations in his claim.

Dr. Ford was a physician of plaintiff's selection. His letter was itself hearsay, and the recitals therein of what plaintiff told him of the extent of his injury being doubly so, the same would have been incompetent in the trial of the case in the district court to prove the truth of the facts so related by him to Dr. Ford. Hargis v. Moxon (Tex.Civ.App.) 34 S.W.(2d) 353, and decisions cited, including Southern Surety Co. v. Nalle & Co. (Tex.Com.App.) 242 S.W. 197; Liberty Mutual Ins. Co. v. Boggs (Tex.Civ.App.) 66 S.W.(2d) 787. But even though the same could have been considered by the board as evidence to support the claim, under the general powers vested in it by the act, or under the decisions cited and discussed in vol. 2, chapter XIV, of Schneider's Workmen's Compensation Law, a question we do not determine, nevertheless, we believe it manifest that the letter, with its recital of what plaintiff said to the writer, could not be construed also as a supplement to the claim already filed by plaintiff with the board as his pleading upon which compensation was sought; and thus serve both as a pleading and proof. And the same can be said of the letter of defendant's counsel to the board relating that Dr. Marshall had reported to them that upon examination made he had found plaintiff had suffered a slight concussion.

Accordingly, the judgment is reversed, appellant's plea in abatement is here sustained, and the suit is dismissed for lack of jurisdiction in the trial court. But we will add that the statement in the notice filed with the board that suit would be instituted in Dallas county rather than in Tarrant county was of no consequence, since the statute does not require the notice to designate the court or county where suit would be filed. See section 5 of article 8307, Rev. Civ.Statutes, as amended by Acts 1931, c. 224, § 1 (Vernon's Ann.Civ.St. art. 8307, § 5).

It is therefore unnecessary for us to determine, and we shall not determine, the merits of the many other assignments of error presented in appellant's brief.