ÆTNA CASUALTY & SURETY CO. v. WARE.

No. 10201.

Court of Civil Appeals of Texas. San Antonio.

Feb. 2, 1938.

Rehearing Denied March 3, 1938.

Johnson & Rogers, of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, Joe Ware, instituted this suit in the district court of Bexar county, Seventy-Third judicial district, against the Ætna Casualty & Surety Company, as the workmen's compensation carrier of the Brooks Field Post Exchange, seeking to set aside an order of the Industrial Accident Board of the State denying him compensation for an injury alleged to have been sustained by him on November 14, 1935, while an employee of Brooks Field Post Exchange.

The trial was to a jury, and upon favorable findings by the jury the court entered judgment in favor of Joe Ware in the sum of $3,712.25, and in favor of his attorney in the sum of $1,237.41. From this judgment the Ætna Casualty & Surety Company has prosecuted this appeal.

Appellant's first contention is that the jurisdiction of the court in which suit is filed to set aside an award of the Industrial Accident Board is determined by the amount of the claim before the Industrial Accident Board, and that where the plaintiff fails to show by the pleading and the proof (either or both) the amount of his claim before the Industrial Accident Board was for an amount within the jurisdiction of the court to which he has resorted for the purpose of setting aside an award, there is a failure to show the jurisdiction of such court, and the case should be dismissed for want of jurisdiction.

In this case the only evidence in the record, which has any bearing upon the matter of the amount of the claim before the Industrial Accident Board, is contained in two documents filed with the Industrial Accident Board and offered in evidence by appellee, Ware.

The first is notice of injury, and the second is the claim for compensation resulting from that injury. In neither of these two instruments does the appellee state the amount of his claim, in dollars and cents. The two instruments are very similar, and state in effect that he received an injury while an employe of the Brooks Field Post Exchange, on the 14th day of November, 1935, that his injury was caused by slipping and falling while pushing a car on a graveled ground. In answer to the question as to what parts of his body were injured he stated: "Back and right shoulder and other bodily injuries." As to the nature of his injuries he stated: "Rupture of the hip joints and inter vertebrae ligaments. Also the posterior ligaments of the right shoulder, affecting the whole nervous system." He stated that he had· not returned to work since December 7, 1935; the claim being dated December 11, 1935.· He further stated that his salary was $77.50 per month and that he worked eight hours a day, and six days a week; that he had lost time from December ·7, 1935 to the date of the claim, which was December 11, 1935.

There was no other evidence offered on the trial which would throw any light upon the amount of appellee's claim before the Industrial Accident Board. The only allegation in his petition with reference to the amount of his claim was as follows: "That on or about the 10th day of February, 1935, said Board rendered an award in the matter of the claim of plaintiff, and that the amount claimed by plaintiff and in controversy between him and defendant herein, and to which he is entitled for said injuries under said Act is in excess of One Thousand ($1000.00) Dollars, and that by reason thereof, this court has jurisdiction of this cause."

■ There is no serious contention that this was not a sufficient allegation to meet the requirement that a claimant must allege facts showing that he has resorted to a court of proper jurisdiction; the complaint is that there is not sufficient proof of these facts; appellant's exact contention being that appellee should have offered proof that his claim before the Industrial Accident Board was for an amount in excess of $500, either specifically expressed in dollars and cents, or stating facts which would furnish the basis of a calculation showing that in truth and in fact his claim was actually for a sum in excess of $500. We do not agree with this contention. The rule seems to be that in this regard

all that is required of a claimant is that he allege and prove the identity of the injury on which he based his claim before the Industrial Accident Board, with the injury upon which he sues, and, further, that such injury is one for which the maximum amount of compensation allowed by the Workmen's Compensation Act is within the jurisdiction of the court in which he has filed his suit.

In Texas Employers' Insurance Association v. Moore, 46 S.W.2d 404, 405, by the Beaumont Court of Civil Appeals, Hightower, Chief Justice, speaking for the court, says:

"This court, in a carefully considered opinion written by Mr. Justice Walker, in the case of Texas Indemnity Insurance Co. v. White, 37 S.W.2d 277, held that the amount in dollars and cents of a claim as made before the Industrial Accident Board was not the determining factor in fixing the jurisdiction of the court appealed to from the ruling of the board. In that case, we held that the identity of the injury received by the employee, for which he made claim before the board, with the injury shown by his petition in the court appealed to, was the determining factor in fixing the jurisdiction of that court. We thought, after very careful consideration, that we were correct in that holding, and still adhere to it. In the instant case, counsel for appellant do not dispute the fact that the injuries, for which appellee made claim before the board, are identical with the injuries for which he sought recovery in the trial court.

"It results from these conclusions that the trial court was not in error in overruling appellant's general demurrer."

This opinion was upheld by the Supreme Court, 123 Tex. 302, 70 S.W.2d 702, and recently it has again been cited with approval in an opinion adopted by the Supreme Court, Texas Employers' Insurance Association v. Wright, 97 S.W.2d 171, wherein it is said: "Identity of injury received by employee, for which he made claim before Accident Board, with injury shown by his petition in court to set aside Accident Board's award, rather than amount in dollars and cents of claim as made before board, held determining factor in fixing jurisdiction of court."

Other cases laying down this rule are: Texas Indemnity Insurance Co. v. White, Tex.Civ.App., 37 S.W.2d 277, writ dismissed; American Employers' Insurance Company v. Scott, Tex.Civ.App., 33 S.W.2d 845, 846, writ refused; Beal v. Ins. Co., Tex. Com.App., 55 S.W.2d 801; Travelers' Ins. Co. v. Peters, Tex.Com.App., 17 S.W.2d 457; Texas Ind. Ins. Co. v. Williamson, Tex.Civ.App., 109 S.W.2d 322, writ dismissed; see also 45 Tex.Jur. p. 728, § 257.

In American Employers' Insurance Company v. Scott, supra, it is said:

"The next question presented is also one of jurisdiction, based upon a different theory. Neither the award of the Industrial Accident Board, the pleadings of plaintiff in the case, nor the evidence, shows the amount in dollars of the claim as it was presented to the Industrial Accident Board. It is insisted that, because the evidence does not show that such claim as presented to the board was for more than $500, the district court was not shown to have jurisdiction. It was not necessary that the injured employee state the amount of his demand in his claim submitted to the board. Texas Employers' Insurance Association v. Nunamaker (Tex.Civ.App.) 267 S.W. 749. It follows that some other test must be employed to determine what court had jurisdiction of the case. It has been held, and correctly so, we think, unless perhaps when the claim itself is affirmatively for a smaller amount, that jurisdiction is determined by the maximum amount of compensation which the law authorizes for the character of injury for which the claim is filed. Texas Employers' Ins. Ass'n v. Nunamaker, supra; Georgia Casualty Co. v. Griesenbeck (Tex.Civ.App.) 210 S.W. 273; Millers' Indemnity Underwriters v. Hughes (Tex.Civ.App.) 256 S.W. 334.

"In this case such jurisdictional amount is fixed by Revised Statutes 1925, art. 8306, § 10, and the district court had exclusive jurisdiction."

This holding was explained and enlarged upon on motion for rehearing, but in no way retracted.

The rule is stated in 45 Tex.Jur. p. 730, § 257, as follows: "A proceeding to set aside an award of the board must be brought in a court of competent jurisdiction of the county in which the injury occurred, the particular court being ordinarily determined by the maximum amount of compensation authorized by law for the character of injury for which claim was made before the board. Thus where the statement of claim alleges an injury for which the law allows a maximum compensation of several thousand dollars, there can be no doubt that a suit

984

to set aside the board's award is properly brought in the district court. On the other hand if the allowable compensation for the claim pressed before the board is less than five hundred dollars the proper tribunal in which to bring suit is the county court. Suits of this kind may also be filed in the justice's court, where the amount involved is within its jurisdiction."

Appellant relies upon the case of Commercial Standard Insurance Co. v. Robinson, 91 S.W.2d 1147, by the Fort Worth Court of Civil Appeals. This case seems to be in conflict with the authorities above cited, but in view of the fact that a writ of error has been granted in that case, and in view of the fact that the Supreme Court in Texas Employers' Insurance Association v. Wright, 97 S.W.2d 171 (a more recent case than the Robinson Case), has cited with approval the holding in Texas Employers' Insurance Association v. Moore, supra, as above quoted in this opinion, we are unwilling to rely upon the Robinson Case.

Appellant, in effect, concedes that if the claim filed by appellee had gone further and alleged that the injury complained of resulted in total and permanent disability to perform work in the future it would have been a claim over which the district court would have had jurisdiction. We think such a further allegation was unnecessary. The injury described was a general injury, and it would render the claimant either totally or partially incapacitated from performing labor. The maximum amount of compensation allowed for such an injury is either fixed by section 9, as amended, or section 10, of article 8306, R.S.C.1925, Vernon's Ann.Civ.St. art. 8306, §§ 9, 10. Regardless of which section it comes under, the maximum amount of compensation allowed is more than $500, and within the jurisdiction of the district court.

 It is clear that the injury described in appellee's claim before the Industrial Accident Board is the same identical injury upon which he bases his suit herein and that the injury is one for which the Workmen's Compensation Act, article 8306 et seq., R.C.S.1925, as amended, Vernon's Ann.Civ.St. art. 8306 et seq., allows compensation in a sum in excess of $500. Therefore the proof was sufficient to discharge the burden resting upon appellee to offer proof (for jurisdictional purposes) showing that the Seventy-Third district court of Bexar county was a court of proper

jurisdiction in which to file his suit to set aside the award of the board and to recover compensation for his injury, Furthermore, it is clear that if the district court would not have jurisdiction of this suit, because the amount of the claim was not for an amount within the jurisdiction of that court, then, by the same reasoning, neither the county court nor the justice court would have jurisdiction, as the claim is not for any specific amount. To sustain appellant's proposition would be to hold that there was no court to which appellee could resort to set aside the action of the board in denying him compensation and to seek to recover such compensation as he contends he is entitled to under the law. Such a construction would be a strict construction of the act, rather than a liberal construction, and it is universally held that the Workmen's Compensation Act must be liberally construed. Appellant's first proposition will be overruled.

Appellant, by his second proposition, contends that the verdict of the jury was so contrary to the great weight and preponderance of the evidence as to show that the jury were actuated by prejudice in rendering such verdict. We have examined the record and are of opinion that the verdict is supported by and is not contrary to the preponderance of the evidence. Accordingly, this proposition is also overruled.

The judgment is affirmed.

SLATTON, J., being disqualified, did not participate in the decision of this case.

SMITH, Chief Justice.

I concur in the judgment of affirmance, and respectfully present this concurring opinion in support thereof, in addition to the able opinion of Justice MURRAY.

It is conceded that appellee timely filed notice and claim of his injuries, and, upon being denied compensation by the Industrial Accident Board, timely gave notice of dissatisfaction with that decision and timely filed this appeal therefrom to the district court.

The controlling question in this appeal is that of whether by his pleading and proof appellee was required to and did show that his claim for compensation filed with the Industrial Accident Board was for an amount within the jurisdiction of the district court.

The question is presented in appellant's first proposition, as follows: "The amount in controversy for jurisdictional purposes

in Workmen's Compensation cases is determined by the amount claimed before the Industrial Accident Board, and where the plaintiff, as in this case, filed a claim with the Industrial Accident Board alleging general injuries only and showed that incapacity to work had been in existence less than a week at the time the claim was filed and said claim did not allege that such incapacity would continue for any definite or indefinite period of time, and did not allege any amount of money as claimed as compensation, and there being no other evidence as to the amount of compensation claimed before the Board, the plaintiff wholly failed to establish the necessary facts showing jurisdiction to try said cause in the District Court."

In his notice of claim, and in his claim for injuries filed with the board on December 5, 1935, appellee stated the time, place, date, and cause of the injuries for which he claimed compensation; that said injuries, received on November 14, 1935, were to his "back and right shoulder and other bodily injuries"; that the "nature" of said injuries were "rupture of the hip joint and inner vertebræ ligaments. Also the posterior ligaments of the right shoulder, affecting the whole nervous system;" that he had not worked since December 7, 1935, and had lost the time from that date up to the date of his claim; that his wages were $77.50 per month, working eight hours a day, and six days a week. We copy the allegations in appellee's petition deemed pertinent to this inquiry:

"Second: Plaintiff further alleges that on or about the 14th day of November, A. D. 1935, he was in the employ of the Brooks Field Post Exchange, in the City of San Antonio, Bexar County, Texas, and that in the due course of his employment, he had an accident while pushing a car on graveled ground which caused him to slip and fall, and as a result of said accident he sustained severe injuries to his back in the lumbar and sacroiliac regions, producing severe injuries to the ligaments, tendons, muscles and joints entering into the makeup thereof, and also injuries to his right shoulder, which has resulted in traumatic arthritis, and that all of said injuries so sustained by plaintiff are permanent and lasting, and that he has, by reason thereof, been totally and permanently incapacitated from performing labor of any kind and that same is permanent."

"Sixth: Plaintiff would further show that on or about the 11th and also on or about the 20th day of December, 1935, a report of his injuries, as required by law, was given to the Industrial Accident Board, at Austin, Texas, and further that on or about December 11, 1935, he also gave notice to said Board of his claim for compensation insurance on account of said injuries; that on or about the 10th day of February, 1935, said Board rendered an award in the matter of the claim of plaintiff, and that the amount claimed by plaintiff and in controversy between him and defendant herein, and to which he is entitled for said injuries under said Act is in excess of One Thousand ($1000.00) Dollars, and that, by reason thereof, this court has jurisdiction of this cause."

Appellant did not demur to those allegations upon the ground that they were insufficient to confer jurisdiction upon the district court, nor did it file a plea in abatement of the suit upon that ground, or that the allegations of the jurisdictional amount were falsely made for the purpose of fraudulently conferring jurisdiction upon the court.

The uniform rule is, of course, that jurisdiction of courts, with reference to the amount in controversy, is determined by the pleadings of the plaintiffs, and we can see no reason why the rule does not apply to compensation cases.

And where, in a compensation case, such as this, the plaintiff in his pleading specifically alleges notice and the filing of a claim with the Industrial Accident Board (and a cause of action based thereon) for an amount within the jurisdiction of the court selected as the forum, the question of jurisdictional amount is thereby foreclosed, unless by timely verified plea in abatement, or to the jurisdiction, it is alleged and proved that the allegations of jurisdictional amount are false and were made for the purpose of fraudulently conferring jurisdiction upon the court. No such attack was made below in this case and the jurisdiction of the trial court over the amount in controversy cannot now be questioned here.

Specifically, as applied to compensation cases, allegations of jurisdictional amounts are deemed sufficient in this state if they identify the injuries and the claim sued on, with the injuries for which claim was made before and adjudicated by the Industrial Accident Board, supplemented by allegations that the injuries upon which that claim were based resulted in incapacity for which the statute provides compensation in an amount within the jurisdiction of the court.

Texas Employers' Ins. Ass'n v. Moore, Tex.Civ.App., 46 S.W.2d 404; Id., 123 Tex. 302, 70 S.W.2d 702; Texas Employers' Ins. Ass'n v. Wright, Tex.Com.App., 97 S.W.2d 171; Travelers' Ins. Co. v. Peters, Tex. Com.App., 17 S.W.2d 457; Beal v. Ins. Co., Tex.Com.App., 55 S.W.2d 801; Texas Indemnity Ins. Co. v. Williamson, Tex.Civ. App., 109 S.W.2d 322; Texas Indemnity Ins. Co. v. White, Tex.Civ.App., 37 S.W.2d 277; Farris v. United States F. & G. Co., Tex.Civ.App., 251 S.W. 612; Texas Employers' Ins. Ass'n v. Varner, Tex.Civ.App., 20 S.W.2d 334; Welch v. United States F. & G. Co., Tex.Civ.App., 54 S.W.2d 1041; Texas Employers' Ins. Ass'n v. Finney, Tex. Civ.App., 45 S.W.2d 298.

In this case the identity of the injuries for which claim was made by appellee before the Accident Board with the injuries for which recovery was sought in the trial court, and the identity of the claim filed with the board and that sued on herein, were clearly established in appellee's pleadings and by the proof thereunder.

The injuries described in appellee's claim before the board were obviously of a serious nature, and were clearly general in character, as distinguished from specific injuries for which specific and limited compensation is provided in the Compensation Act. The statute provides that, in cases of general injury, the claimant is entitled, upon proof, to compensation as for total and permanent incapacity, according to the evidence adduced before the board, or, in case of appeal, before the court; that is to say, upon a claim for general injuries the claimant may establish by proof, that the claimant's injuries resulted in permanent total incapacity, and the board may award compensation aggregating the maximum amount provided by statute in such cases, to wit, 60 per cent. of the claimant's average wage, for a period of 401 weeks. In this case appellee filed his claim with the board for compensation for general injuries, alleging in his claim that his average wage was $77.50 per month. The claim, therefore, was for compensation for injuries, which, if found upon a hearing to have resulted in permanent total incapacity, would entitle appellee to a maximum award of 60 per cent. of $77.50 per month, for a period of 401 weeks. The jury in this case found that appellee's injury resulted in his total and permanent incapacity, and that his average wage was $18 per week, and he was awarded a lump-sum judgment upon that basis. So, appellee's claim before the board was

in fact for an amount cognizable by the district court, in accordance with the allegation in appellee's petition. It was identical with the claim sued on, and was so alleged and proved by appellee.

The authorities heretofore cited establish this rule for ascertaining the amount of a compensation claim. That rule is available both to the insurance carrier and the employee, alike. If the claim is for a specific injury, it is for compensation limited only by the maximum amount provided by statute for incapacity resulting from such specific injury; if for general injuries, the claimant may prove and recover an award, or, on appeal, a judgment, for compensation as for total and permanent incapacity, and for the maximum amount provided by statute for such incapacity, which in any conceivable case would bring it within the jurisdiction of the district court. It is the character of the injury, as being specific or general, which, after all, determines jurisdiction. A general description, in the claim before the board, of a "general" injury, is deemed sufficient, if cases arising under the Act are to be construed, as they should be, with that liberality to which remedies of that character are entitled in law and justice. And on appeal to the district court a general injury, however loosely described in the claim, may be enlarged to include every ache, pain, ailment, or disability growing out of the injury identified in the claim. Hartford Accident & Ind. Ins. Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205, 207; Commercial Casualty Ins. Co. v. Hilton, Tex.Civ.App., 55 S.W.2d 120; American Employers' Ins. Co. v. Scott, Tex.Civ.App., 33 S.W.2d 845; Indemnity Ins. Co. v. Harris, Tex.Civ.App., 53 S.W.2d 631, and authorities there cited. It is for this reason, if there were no other, that jurisdiction is determined by the *character* of the injury designated in the original claim, and not by a strict construction of the language, or strained or harsh restriction upon the scope and effect, of the claim.

In support of its contention appellant cites, and we will now discuss in their order: Texas Indemnity Ins. Co. v. Beal, Tex.Civ.App., 35 S.W.2d 1054; Beal v. Texas Ind. Ins. Co., Tex.Com.App., 55 S.W.2d 801; Commercial Standard Ins. Co. v. Robinson, Tex.Civ.App., 91 S.W.2d 1147, 1150; Georgia Casualty Co. v. Griesenbeck, Tex.Civ.App., 210 S.W. 273, 275; Mingus v. Wadley, 115 Tex. 551,

285 S.W. 1084; Texas Employers' Ins. Ass'n v. Nunamaker, Tex.Civ.App., 267 S.W. 749, 751; Texas Indemnity Ins. Co. v. Pemberton, Tex.Civ.App., 9 S.W.2d 65, 67.

We construe the opinion in the Beal Case, the first cited by appellant, to negative, rather than support, appellant's contentions here. In that case the contents of the claim with the Industrial Accident Board were not shown in the claimant's petition. He simply alleged that he had received an injury (by a truck "turning over on" him) which totally and permanently incapacitated him; that he had filed "due claim" with the board; described the award made by the board, and attached a copy thereof to his petition, "for jurisdictional purposes." The award did not show the "amount claimed by the" claimant before the board, "nor the character of injury for which compensation was there claimed," but did show that the board considered the claim, and awarded compensation as for total permanent incapacity for a period of 26 weeks, at $14.37 per week, or a total award of $373.62. The trial court overruled the general demurrer to the claimant's petition, and upon trial rendered judgment for the claimant for permanent total incapacity, or a lump-sum judgment for $5,359.39. The insurance carrier appealed, and that judgment was reversed by the El Paso Court of Civil Appeals, which held that the general demurrer to the claimant's petition should have been sustained by the trial court, on the ground that it did not allege the filing of a claim before the board for an amount within the jurisdiction of the district court. Texas Ind. Ins. Co. v. Beal, Tex.Civ.App., 35 S.W.2d 1054. The Supreme Court granted writ of error, and in an opinion by the Commission of Appeals the judgment of the Court of Civil Appeals was reversed and that of the district court affirmed. Beal v. Ind. Ins. Co., 55 S.W.2d 801, 802. It was said in the opinion of the Commission of Appeals, by Judge Leddy, that

"The award referred to does not show the amount claimed by plaintiff in error before the Industrial Accident Board, nor the character of injury for which compensation was there claimed. It shows merely that the board considered plaintiff in error's claim for compensation, and awarded him a recovery for total incapacity for a period of 26 weeks, adjudging that he

was entitled to recover from defendant in error compensation at the rate of $14.37 per week for said period, amounting to a total of $373.62.

"The allowance under the terms of the Compensation Law for the character of injury alleged, based upon plaintiff in error's average weekly wage, was a sum within the jurisdiction of the district court.

"It is our conclusion that the Court of Civil Appeals was in error in holding that plaintiff in error's petition was subject to a general demurrer."

It was said, further, that jurisdiction of the trial court may be shown by attaching a copy of the award made by the Accident Board, "provided such award discloses the amount involved in the claim made before the board. *Or he may set forth by direct allegations in his petition that the amount claimed by him before the board was a sum within the jurisdiction of the court in which the suit is brought.* But it is not absolutely essential, in order to show jurisdiction, that the amount of the claim before the board be alleged in actual dollars and cents. It is sufficient if it be shown that the claim for compensation before the board was for an injury for which the Compensation Law fixes a period of compensation which, when multiplied by the average weekly wage of the claimant, would result in a sum within the jurisdiction of the court in which the suit is brought." The rule is stated, in the language above quoted, in Travelers' Ins. Co. v. Peters, Tex.Com.App., 17 S.W.2d 457, and Commercial Standard Ins. Co. v. Robinson, supra, also cited by appellant.

We think the general effect of the decision in the Beal Case supports our conclusion that where the claim filed with the board is shown to have been for a general injury, the amount there involved is ascertainable from the maximum amount of compensation provided in the statutes for general injury, and that where, as in this case, the claimant's petition in the district court alleges a claim filed before the Board for general injury, and that such injury resulted in incapacity compensable in an amount within the jurisdiction of that court, it is sufficient, in the absence of a sustained plea in abatement, or to the jurisdiction, to sustain that jurisdiction.

The next case cited by appellant is the Robinson Case, supra. That case differs from this in several respects, chief among

which is the fact that jurisdiction was determined upon a plea in abatement, filed and urged in due course of pleading. The general effect of the language of the opinion in that case may be said to be in. conflict with the holding here announced, notwithstanding the court in that case quotes with approval, the holding quoted above from the Beal Case, and in Travelers' Ins. Co. v. Peters, supra, that the claimant may show jurisdiction by attaching the award of the board, "or he may set forth by direct allegations in his petition [as was done in the instant case] that the amount claimed by him before the board was a sum within the jurisdiction of the court in which the suit is brought." The Robinson Case is of doubtful authority, however, since the Supreme Court has granted writ of error therein, upon an omnibus assignment of error involving several questions of law, including that here under consideration.

In the Griesenbeck Case, next cited by appellant, the insurance carrier filed a plea to the jurisdiction of the district court, upon the ground that it appeared from the claimant's petition that the amount in controversy was less than $500, and therefore not within the court's jurisdiction. Upon a hearing the trial court sustained the plea, and dismissed the cause for want of jurisdiction. The El Paso Court of Civil Appeals reversed that judgment, and it does not appear that writ of error was applied for. In that case the relatives of the employee brought suit for compensation for his death resulting from injuries sustained by him in the course of his employment. The court held that the *amount involved is the total amount to which the beneficiary would be entitled under the provisions of the act, if liability be shown,* which in this case exceeds $2,000," and, further, that "the issue to be tried by the court is as to" the insurer's "liability for the full amount that might be recovered under the statute; and, as * * * that amount was over $2,000, the district court had jurisdiction to try the case." We think the Griesenbeck Case supports our conclusion in this case.

Appellant next cites Mingus v. Wadley, supra. The controlling holding in that case is that jurisdiction in the trial court failed because the claimant did not in his petition allege facts showing *venue* in the county in which the suit was filed. The question of jurisdictional *amount* was in no way before the court in that case.

The Nunamaker Case, next cited by appellant, involved suit filed in the county court, for compensation for a specific injury, for which the statute prescribes a definite sum, determinable by the amount of compensation provided by the statute for such specific injury. In that case the claim was for loss of an arm or hand, which, if sustained by the evidence, was compensable according to the claimant's weekly wage, which was stated in the claim. It was held that to ascertain the jurisdictional amount, it was only necessary to multiply the weekly wage by the number of weeks allowed by the statute as compensation for that specific injury. The Industrial Accident Board awarded the claimant compensation for only $803. The insurance carrier appealed to the county court, where the claimant filed a plea in abatement of the insurer's suit, upon the ground that the claim filed with the board was for injuries and incapacity entitling him to compensation in an amount in excess of the jurisdiction of the county court. The trial court sustained the plea and dismissed the suit, and the insurer appealed to the Waco Court of Civil Appeals, which affirmed the trial court's judgment, holding that "the maximum amount of compensation allowed by the provisions of said act for total and permanent loss of the use of an arm was the amount in controversy therein, and the county court at law did not have jurisdiction to hear and determine such issue." We think that holding supports the jurisdiction of the district court in the instant case. For, if jurisdiction in a claim for specific injury is determinable by the maximum amount of compensation provided by statute for such injury, computed upon the claimant's weekly wage, then, by the same token, jurisdiction over a claim for apparently serious general injury is determinable by the maximum amount that may be awarded by the board, or a court, upon a claim for general injury, which may be shown by evidence to have resulted in total and permanent incapacity; and where it is alleged in the petition, as was done here, that the claim was for an injury compensable in an amount within the jurisdiction of the district court, that allegation ipso facto fixed the jurisdiction of that court, which could be defeated only by a sustained plea that the allegation was false and was made for the purpose of fraudulently conferring jurisdiction, as was done in the

Nunamaker Case, and the Griesenbeck and Robinson Cases, all cited by appellant. We construe the decision in the Nunamaker Case as clearly upholding our conclusions in this case.

The Pemberton Case is the last cited by appellant. The case is not a satisfactory authority upon this appeal. It goes off on a failure of the claimant's pleadings, and holds that the insurance company's numerous "contentions, in the main, are sound." Insofar as it bears upon the question here presented, the decision in that case is that the claimant did not *allege* that he had filed a claim before the Industrial Accident Board for an amount cognizable in the district court. That point is not involved here, for appellee specifically alleged all the elements of a jurisdictional claim. The Pemberton Case did not get into the Supreme Court.

It is my opinion, upon the authorities cited, and for the reasons herein stated, as well as those so well stated by Justice Murray, under both the pleadings and evidence, the trial court acquired jurisdiction of appellee's appeal from the ruling of the Industrial Accident Board.