## GREAT NORTHERN LIFE INS. CO. v. HOLMES.  (No. 1691.)

(Court of Civil Appeals of Texas. El Paso. Dec. 18, 1924. Rehearing Denied Jan. 15, 1925.)

Appeal and error ⬤⟿511(1)—Filed paper writing signed by appellant's counsel, but not indicating that it was presented to court, held insufficient as reservation of exceptions to court's charge.

A paper writing signed by appellant's counsel, appearing in the transcript, a recital of which indicated objections were made orally to court's charge, and that the filed paper was intended to be of the nature of a bill of exceptions, *held* insufficient to reserve the exceptions, where it did not appear they were presented to court and acted upon by it, as required by Rev. St. 1911, art. 1971.

Appeal from El Paso County Court; J. M. Deaver, Judge.

Action by Mamie Lucile Holmes against the Great Northern Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. S. Berkshire, of El Paso, for appellant.

Loomis & Kirkland, of El Paso, for appellee.

HARPER, C. J. Being no objection to the statement of the nature and result of the suit, contained in appellant's brief, we copy and adopt it.

This suit was instituted by the appellee against the appellant to enforce her claim for $100 per month, under a certain policy of health insurance, for the period beginning the 1st day of April, 1923, to the date of the filing of her original petition, October 8, 1923. Appellee claimed that she was entitled to recover under the provisions of said policy, as follows:

"For a period of continuous total disability, of one day or more, and so long as insured lives and suffers said total disability, during which the insured shall, independently of all other causes, be necessarily and continuously confined to the house and wholly disabled, and prevented by bodily disease not hereafter excepted, from performing any and every kind of duty pertaining to her occupation, the association will pay a monthly indemnity at the rate of the monthly indemnity hereinbefore specified." (Which is at the rate of $100 per month.)

The case was tried on plaintiff's original petition. Defendant answered by general demurrer and general denial, and also by special answer, as contained in its first amended original answer. The case was tried before a jury, and a verdict rendered in favor of plaintiff below, against appellant, for the sum of $569.21.

Appellant presents in its brief but two assignments of error, both to the effect that the court erred in overruling defendant's exceptions to the charge to the jury. Appellee objects to the consideration of these assignments, because it is not shown that the plaintiff in error has properly reserved his exceptions in the lower court. This is well taken. There appears in the transcript a writing signed by appellant's counsel, reciting:

"At the time of the trial of the above-named cause, in the above-named court, and before the court read his main charge to the jury, the defendant in open court made the following objections." (Here follows a statement of objections.)

There is nothing in the record to show that the objections were presented to and acted upon by the court as required by article 1971, Revised Statutes 1911.

The recital seems to indicate that the objections were made orally, and that the filed paper was intended to be of the nature of a bill of exceptions, but there is nothing to show that they were presented to the court except this written declaration of counsel. This is not sufficient. Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Mutual Life Ins. Co. v. Rhoderick (Tex. Civ. App.) 164 S. W. 1068.

Affirmed.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes