**TEXAS & N. O. R. CO. v. EAST et al.**

No. 9023.

Court of Civil Appeals of Texas. San Antonio.

March 8, 1933.

Rehearing Denied March 22, 1933.

Jno. C. North and R. B. King, both of Corpus Christi, and Robt. R. Mullen, Jr., of Alice, for appellant.

Perkins & Floyd, of Alice, for appellees.

FLY, Chief Justice.

This is a suit for damages received by a shipment of cattle from Hebbronville to Fort Worth instituted by T. T. East and A. L. East against Texas Mexican Railway Company and the Texas & New Orleans Railroad Company. It was alleged that 242 calves, in good marketable condition, were placed in the pens of the Texas Mexican Railway Company at Hebbronville, and were confined therein for 24 hours before the railway shipped them, and it was further alleged that there was a delay of 24 hours en route to Fort Worth, and the delay caused shrinkage in weight and fall in the market, and appellee sustained certain enumerated damages. The case was submitted on special issues and judgment rendered in favor of the first-named railroad and against the Texas & New Orleans Railroad Company for $609.48.

The only negligence alleged was delay, first of 24 hours, while at Hebbronville, a station of the Texas Mexican Railway Company's line where the calves were delivered to the initial carrier, and of 24 hours while en route to Fort Worth.

Preceding the special issues, the court charged the jury: "You are also instructed that in this particular case where the evidence shows that neither the Plaintiffs nor anyone as their agent accompanied said shipment that if Plaintiffs show by a preponderance of the evidence that the calves involved in this shipment were delivered to the Defendants in good condition, and arrived at destination in a damaged condition, the presumption arises that such damage occurred while said animals were in the possession of said Defendants, and the Defendants then must free themselves from this presumption by showing from the evidence that they handled and transported said shipment with ordinary care."

The charge is assailed by appellant on the grounds that the charge is a rule of evidence for the guidance of parties in offering proof, and is for the court and not the jury; that the charge is on the weight of the evidence, is a general charge, and is a charge on a legal presumption not defined by statute. Appellant made objections to the charge, but no action is shown to have been taken by the court, or that the court ever had the exceptions called to its attention. There is "exception overruled" written under the names of the attorneys, but there is no action of the court shown by a bill of exceptions. Article 2185 (Rev. St.); Bagley v. Pollock (Tex. Civ. App.) 19 S.W.(2d) 193; Great Northern Life Ins. Co. v. Holmes (Tex. Civ. App.) 267 S. W. 736. The mention of the objection to the charge in the motion for new trial, which was overruled, did not comply with the terms of the statute. The judge should have been

notified of objections to the charge before it was delivered to the jury, and he should have acted thereon.

The fourth issue was as to negligence in the "handling and transportation" of the cattle. There is no allegation as to the manner of handling; the only negligence charged being delay on the way. The charge is not objected to as presenting a matter of negligence not alleged, nor as to its general nature. The word "delay" is not mentioned in the charge, and if the jury considered delay it must have been done under the general term "transportation." The only objection to the charge was that there was no evidence proving negligence in handling or transportation. It was shown that the cattle which left Hebbronville on the afternoon of September 23 should have arrived in time for the market in Fort Worth on September 25, but arrived only in time for the market on September 26. That showed a delay of 24 hours. It may be that the court meant by "handling and transportation" merely delay; the word handling not being used as to the manner the cattle were carried, as that word is usually made to mean negligible handling by the adjective "rough." The third proposition is overruled. Propositions 4, 5, and 6 are directed to the testimony, and are overruled. The amount of the verdict is supported by the evidence.

The seventh and eighth propositions are overruled. The jury found that the railroad was not negligent in confining the cattle in the pens at Hebbronville, but answered that there were damages, independent of any inflicted in Hebbronville, that were caused by the transportation of the cattle. The transportation of the cattle was almost entirely by the Texas & New Orleans Railroad Company. There was undoubtedly delay in the transportation, and the jury fastened the delay on the Texas & New Orleans Railroad Company.

The judgment will be affirmed.