## TEXAS EMPLOYERS INSURANCE ASSOCIATON v. MURPH MOORE.

No. 6219. Decided May 2, 1934.
(70 S. W., 2d Series, 702.)

*Harry P. Lawther, James P. Swift, Shelby S. Cox* and *Wm. M. Cramer,* all of Dallas, for plaintiff in error.

The trial court and the Court of Civil Appeals erred in not dismissing this cause for want of jurisdiction, for the reason that the uncontroverted evidence showed that this suit was not filed within twenty days after a notice had been filed with the Industrial Accident Board; the record showing undisputedly that there was no notice of unwillingness to abide by the award of the Board on file with the Board at the time this suit was filed in the district court. R. S., 1925, Art. 8307, sec. 5; Texas Emp. Ins. Assn. v. Shoemake, 21 S. W. (2d) 583; Mingus v. Wadley, 115 Texas, 551, 285 S. W., 1084.

*Adams & McAlister,* of Nacogdoches, for defendant in error.

The trial court had jurisdiction of this cause of action for the reason that notice of appeal from the award of the Industrial Accident Board was given and suit filed within the twenty-day period as required by statute, the notice of appeal from the award having been given before the suit was filed. Hart v. Texas Emp. Ins. Assn., 42 S. W. (2d) 798.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was filed in the District Court of Nacogdoches County, Texas, by Murph Moore, against Texas Employers Insurance Association, to set aside an award of the Industrial Accident Board in his favor, but the amount of which he was dissatisfied with. Trial in the district court with a jury resulted in a verdict and judgment for Moore. On appeal this judgment was affirmed by the Court of Civil Appeals. 46 S. W. (2d) 404. The Association brings error.

The case is presented to the Supreme Court on various assignments of error, only one of which is necessary to be discussed here.

It appears from the opinion of the Court of Civil Appeals and the undisputed record that the Board made its final award in favor of Moore on February 11, 1931. On February 13, 1931, counsel for Moore prepared a written notice to the Board in which it was stated in substance that Moore was dissatisfied with such award and would not abide by it and would file suit in a court of competent jurisdiction within twenty days thereafter to set aside such award. The above notice was properly addressed to the Board and properly posted on the afternoon of the same day, but was not actually received by such Board until the morning of February 16, 1931, three days after it was mailed. The suit was filed in the District Court of Nacogdoches County, Texas, the county where the injury occurred on the morning of February 14, 1931. It thus appears that the suit was filed after the notice of dissatisfaction was posted in the mail, but two days before it was received by the Board. Under such record the Association contends that the suit was prematurely filed and that the district court was therefore without jurisdiction to try the case.

Under the above record the Supreme Court directs us to say that the pertinent provisions of Article 8307, R. C. S., 1925, as amended by the Acts of 1927 were substantially complied

with by the defendant in error and the district court had juris-
diction to try and determine this cause on its merits.

We have read and carefully considered the other assign-
ments contained in the application for the writ and in our
opinion the Court of Civil Appeals has correctly disposed of
them.

The judgment of the Court of Civil Appeals which affirms
the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court, May 2, 1934.