**TEXAS INDEMNITY INS. CO. v. WILLIAMSON.**

No. 3535.

Court of Civil Appeals of Texas. El Paso.

Sept. 30, 1937.

Rehearing Denied Oct. 21, 1937.

324

E. H. Foster, W. J. Loftus, and T. L. Dyer, all of Amarillo, and R. K. Batten, of Shreveport, La., for appellant.

Byron Skelton and Winbourn Pearce, both of Temple, and James K. Evetts, of Belton, for appellee.

NEALON, Chief Justice (after stating the facts as above).

Appellant contends that appellee failed to prove before the jury that appellant had issued a policy of workman's compensation insurance to appellee's employer, and that the same was in full force and effect, and insured and covered appellee at the time he sustained his alleged injuries.

In the course of the trial appellee introduced in evidence, as his Exhibit 1–A, notice executed by the Phillips Petroleum Company addressed to the Industrial Accident Board that said Phillips Petroleum Company had become a subscriber under the Workmen's Compensation Act by insuring with appellant, and that the policy of insurance became effective May 1, 1929, and would expire May 1, 1930, attached to which was a form signed by appellant transmitting said notice to the Industrial Accident Board and in addition thereto furnishing information as to the name and address of employer, the day when the policy became effective, and the day of its expiration. This communication from appellant was signed May 1, 1929. This exhibit was certified by the secretary of the Industrial Accident Board. At the time it was introduced, no limitation was placed upon it. Immediately thereafter, there were introduced Exhibits 2, 3, 4, 5, and 6, which were notice of injury, claim for compensation, award of the board, notice of intention to appeal, and the certificate of the Industrial Accident Board. The introduction of this evidence was not objected to, but appellee stated after these instruments were all introduced that they were introduced for jurisdictional purposes only.

Regardless of the effect such limitation had upon the probative effect of these exhibits, we think the contention of appellant is unsound. Appellee alleged that appellant had issued a policy of workmen's compensation insurance in accordance with the provisions of law, which was accepted by the Phillips Petroleum Company, appellee's employer, and which covered and insured appellee, giving the number, effective date, and date of expiration of said policy. Appellant did not under oath deny these allegations, but contented itself with a general denial.

There is abundant circumstantial evidence in the record from which it might well be inferred that appellant carried the insurance as alleged. Indeed, it would seem the whole case was tried upon that theory. Our attention is called to a question by counsel for appellant with respect to the claim filed before the Industrial Accident Board; the question being in this

form: "On December 9, 1930, that is, after he had already made claim against the Texas Indemnity Company on December 5th?" As a matter of fact, the claim filed before the board did not contain the name of the Texas Indemnity Insurance Company, and this question was a recognition that the notice of injury received while working for Phillips Petroleum Company was a claim against appellant. There were other questions asked with respect to issues as to the physical and mental inability of the appellee to prepare his claim, in which there was reference to "two other insurance companies," from which the jury might well infer that counsel for appellee was referring to two other companies than appellant. There was likewise reference to a compromise settlement agreement approved by the Industrial Accident Board on account of an injury received by appellee in February, 1929, while he was working for Phillips Petroleum Company. The agreement was introduced in evidence, and showed that appellant was carrying compensation insurance upon the employees of Phillips Petroleum Company in February, 1929. The question was asked, "You were paid for it by 'the insurance company,' for your injury in February, 1929?" Appellant's attorney also asked appellee if "he was not advised that the company" denied all responsibility or liability for the hospital bills at the time appellee entered the Kings Daughters Hospital to be treated for his injury of July 29, 1929. This was followed by these questions and answers:

"Q. Did you get the impression from what they told you that 'the insurance company' was not going to pay for your expenses there at the hospital? A. No sir, they had sent one before when I was there the same way—the first time.

"Q. But for the other injury that you received in Feb. 1929, the insurance company paid your doctor's and hospital bills did they not? A. I didn't have any money to pay my other expenses.

"Q. I say 'the insurance company' paid it? A. Yes sir, 'the insurance company,' they did."

■ On page 84 of its brief, appellant states that appellee's claim for compensation, filed 16 months after the accident, notified "appellant" of an accidental injury, the date and place thereof, etc. This must be treated as an admission against appellant, since it is not shown that appel-

lant was named in the claim. In view of the holding of the Commission of Appeals in Barron v. Texas Employers' Insurance Ass'n, 36 S.W.(2d) 464, 467, to the effect that "very slight evidence should be held sufficient to establish" the fact that a policy of insurance has issued, "since an insurance company is in position to show conclusively by its records whether such policy has in fact been issued," the assignments appellant predicated upon the alleged failure to prove coverage are overruled. See, also Traders' & General Insurance Company v. Line (Tex.Civ.App.) 70 S.W.(2d) 787; Safety Casualty Co. v. Staggs (Tex.Civ.App.) 99 S.W.(2d) 682; Associated Indemnity Corporation v. Baker (Tex.Civ.App.) 76 S.W.(2d) 153.

■ Appellant contends that the amount claimed before the Industrial Accident Board was not sufficient to give the district court jurisdiction. The claim stated that the injury sustained was a sprained back, that it was received about 9 o'clock p. m., on the 29th day of July, 1929; that the cause was unloading a 10-inch Swan underreamer from a Ford truck; that the nature of the injury was a sprained back; that claimant's wages were $250 per month. The allegations of the petition sufficiently identify the cause of action with the claim filed before the Industrial Accident Board. The court had jurisdiction. Texas Indemnity Ins. Co. v. White (Tex.Civ.App.) 37 S.W.(2d) 277; Texas Employers' Ass'n v. Moore (Tex.Civ.App.) 46 S.W.(2d) 404, 405; Id., 123 Tex. 302, 70 S.W.(2d) 702.

■ Appellant also complains that special issue No. 14 is in the form of a general charge, and was, therefore, erroneously submitted. That issue reads as follows: "Do you find from a preponderance of the evidence in this case that the plaintiff, A. E. Williamson, had good cause for not filing his claim for compensation with respect to the injuries, alleged to have been sustained by him on July 29th, 1929, sooner than December 5th, 1930. Answer 'yes' or 'no' as you find the fact to be."

In Texas Employers' Insurance Ass'n v. Johnson, 89 S.W.(2d) 1112, 1114, the Fort Worth Court of Civil Appeals held that a charge submitted in the form of the one herein complained of was objectionable, and said: "Nowhere in the charge is there any attempt to request findings by the jury on the facts which are pleaded

by appellee as constituting her good cause for not sooner filing her claim before the said board, and, in submitting the case, as was done, the trial court has permitted the jury to find on a question of mixed law and facts."

In support of its view, it cited New Amsterdam Casualty Co. v. Scott (Tex. Civ.App.) 54 S.W.(2d) 175; Texas Employers' Ins. Ass'n v. Fulkes (Tex.Civ. App.) 75 S.W.(2d) 320; Texas Employers' Ins. Ass'n v. Martin (Tex.Civ.App.) 296 S. W. 639; and Texas Employers' Ins. Ass'n v. Burnett (Tex.Civ.App.) 77 S.W.(2d) 742. With this view we agree. However, we think this form of submission does not constitute reversible error in this case, in view of the fact that the jury found in response to special issues 14–a and 14–b, respectively, that appellee was not physically able nor mentally capable of filing his claim for compensation during the time intervening between July 29, 1929, and December 5, 1930. The evidence of appellee and Dr. Noble was sufficient to justify the submission of these issues and the findings of the jury thereon. Appellant insists that there was evidence of physical facts which would rebut conclusively the testimony of these witnesses upon these issues, in that claims against other insurance companies were filed by appellee. It is not clear to what extent, if any, appellee participated in the preparation of these claims. The question was for the jury, and the assignments of appellant· complaining of the court's action in respect to these issues are overruled.

Appellant further insists that the trial court erred in undertaking to hear and determine the cause, claiming that the suit was not shown to have been instituted within the 20-day period prescribed by law. The file mark upon the original petition bore a date more than 20 days subsequent to the date that the appellee gave notice to the Industrial Accident Board of his intention to appeal; but his counsel testified as to the date upon which he mailed said petition to the district clerk at Rankin, Upton county, Tex.; and there was testimony that it was mailed in ample time to reach the clerk within the 20-day period. There is also testimony to the effect that not all papers have the file mark placed upon them upon the day they are received. There was a question for the jury. This issue was raised upon the former appeal, ·and the

trial court and this court held adversely to appellee. The Supreme Court did not refuse to take jurisdiction, as it would have done had there been no evidence to support the finding. The assignment is overruled.

Appellant challenges so much of the judgment as awards $1,597 as medical and hospital fees; the attack being based upon various grounds. It is urged that this part of appellee's claim was barred by the 4 years' statute of limitation (Vernon's Ann.Civ.St. art. 5529), since his claim filed with the Industrial Accident Board did not include this item. This claim for medical and hospital service was merely incidental to the claim for compensation. It did not change the demand or cause of action originally asserted. It was, therefore, not barred by the statutes of limitation. Maryland Casualty Company v. Moore (Tex.Civ.App.) 74 S.W. (2d) 769. Nor, in view of the jury's findings, is it a valid objection that not all of these expenses were incurred during the first 4 weeks from and after the date of injury. Ætna Life Insurance Company v. Culvahouse (Tex.Civ.App.) 10 S. W.(2d) 803; Commercial Casualty Ins. Co. v. Hilton (Tex.Civ.App.) 55 S.W.(2d) 120 (reversed on other grounds).

However, the· further objections are made that there was no testimony that the service furnished was necessary or the charges made reasonable. It has been held that such proof is necessary before a recovery can be properly awarded. Petroleum Casualty Co. v. Green (Tex. Civ.App.) 11 S.W.(2d) 388 [citing Missouri, K & T. Ry. Co. v. Warren, 90 Tex. 566, 567, 40 S.W. 6; Wheeler v. Tyler S. E. Ry. Co., 91 Tex. 356, 361, 43 S.W. 876; Houston & T. C. Ry. Co. v. Rowell, 92 Tex. 147, 149, 150, 46 S.W. 630; American Produce Co. v. Gonzales (Tex.Com.App.) 1 S.W.(2d) 602, 604]. In the instant case there were allegations of expenses of this character exceeding $1,600. Dr. R. W. Noble, who was associated with the Kings Daughters Hospital at Temple, in which appellee was a patient, testified generally as to the services being necessary and as to the reasonableness of the charges for medical services, medicines, drugs, and nurses. On cross-examination, however, he said he could not say that the charge of $800 was a correct· one if it eliminated nurses and medicines, unless it was itemized; that he was taking it for granted

that that was for "doctors' bills and all," adding, "I said that was the entire hospital charges—if it was I would think it would be reasonable." This is sufficient evidence that Dr. Noble considered $800 a reasonable charge for all hospital services, which would include medical services, drugs, and nurses' bills, during the time the patient was in the hospital. Appellee, therefore, proved the reasonableness of the charge up to the amount of $800, but had no evidence to sustain the excess of $797 above that amount; and the verdict of the jury in this respect is excessive in the sum of $797.

Provided appellee files a remittitur of $797 within 20 days, the judgment will be affirmed; otherwise, it will be reversed and remanded.

Appellant having secured the correction of an erroneous judgment, costs will be taxed against appellee.

HIGGINS, J., did not sit in this case.