# FEDERAL UNDERWRITERS EXCHANGE v. STEWART.

### No. 10234.

Court of Civil Appeals of Texas. San Antonio.

Oct. 20, 1937.

Rehearing Denied Nov. 10, 1937.

1032 

Lightfoot, Robertson, Saunders & Gano and. Claude Williams, all of Fort Worth, for appellant.

Charles J. Lieck, of San Antonio, for appellee.

MURRAY, Justice.

This is a suit to set aside an award of the Industrial Accident Board. Willie Stewart was the injured party, H. B. Zachry Company, the employer, and Federal Underwriters Exchange, the carrier of the insurance.

The trial was to a jury, who found favorably to Willie Stewart, and, from a judgment in his favor in the total sum of $4,743, the insurance company has appealed.

Appellee, Willie Stewart, alleged that he was employed as a laborer on a sand hopper in the furtherance of the business of his employer, H. B. Zachry Company, when his foot became entangled in a rotating chain, resulting in his leg being broken in two or three places, and causing other injuries. He further alleged that he received 40 cents per hour and worked 10 hours per day, or $4 per day, but that the job upon which he was working was a Works Progress Administration job, and, under the rule of that government agency, he was not permitted to work more than 30 hours per week. He therefore worked Mondays, Tuesdays, and Wednesdays, and did no work on the job Thursdays, Fridays, Saturdays, or Sundays. However, when not working on the Zachry job he helped his brother with a truck and made from $8 to $10 per week in this way. He had been working for Zachry Company on the sand job for more than three years, but had worked only three days per week and had not worked as much as 200 days during the year next preceding his injury. He further testified that he knew of no one else who had worked at the same or similar work, in or near the place where he was working, for as much as a year next prior to the time he received his injury. This testimony was objected to and the objection sustained, but only after the testimony was before the jury, and the same was never stricken from the record.

 Appellant insurance company contends that appellee, Stewart, did not offer sufficient evidence to support the finding of the jury as to his wage rate. The record shows that appellee's wage rate was established under first subdivision 3, section 1, art. 8309, R.C.S.1925. It is settled law in this state that an injured employee, seeking to recover workmen's compensation under the Workmen's Compensation Act, must fix his wage rate, if possible, under first subdivision 1, section 1, art. 8309, and if he is unable to qualify under this subsection, the burden of proof is upon him to offer evidence showing that it is impracticable to fix his wage rate under first subdivision 1, whereupon it would become his duty to fix his wage rate under first subdivision 2, unless this is impracticable, in which event it would be his duty to offer evidence to that effect, and he would then be entitled to prove his wage rate under first subdivision 3 of section 1, article 8309.

 Appellee showed by competent evidence that he had worked less than 200 days at the same or similar employment, and therefore he was not required to fix his wage rate under said subsection 1. He further testified, in effect, that he knew of no one working for H. B. Zachry Company, or doing similar work, such as he was doing, who had worked as much as 200 or 225 days during the year next preceding the date of his injury. This evidence was objected to, and the objection sustained, but after the testimony was already in the record, and no motion made to strike the same. Therefore, the testimony is before us for whatever probative force it may have. Appellant contends that this testimony was not sufficient to relieve appellee from fixing his wage rate under said subsection 2. We overrule this contention. This matter was one about

which both sides to the controversy had an equal opportunity to offer evidence; appellant did not attempt to offer any evidence concerning the matter; it did not even cross-examine appellee in regard to the matter. While we recognize the rule that the burden was upon appellee to offer evidence showing prima facie that there was no employee doing the same or similar work, in the same community, who had worked for substantially a year next preceding the date of appellee's injury, it occurs to us that where there is no real controversy over the matter in the trial court, very slight evidence will be sufficient to discharge this burden. In the case before us, it is shown that appellee was employed on a government project which would not permit any employee to work more than three days per week. The injury to appellee occurred twelve miles southwest of the city of San Antonio on the Medina river, and we feel that, in the absence of a real controversy over this matter, the evidence offered by the appellee was sufficient to discharge the burden resting upon him. If there were others working in this community or nearby at the same or similar employment for substantially a year next preceding the date of appellee's injury, no doubt appellant could have offered evidence to that effect, and the failure to produce such evidence would have the tendency of justifying the conclusion that if appellant had offered such testimony it would have been unfavorable to appellant and would have supported appellee's contention. We therefore overrule appellant's contention that appellee was not entitled to have his wage rate fixed under the provisions of first subdivision 3, section 1, of said article 8309.

We have carefully examined appellant's other assignments of error, and, finding the same without merit, they are accordingly overruled. The judgment of the trial court will be in all things affirmed.

### On Motion for Rehearing.

In our original opinion we stated: "He [Willie Stewart] further testified that he knew of no one else who had worked at the same or similar work, in or near the place where he was working, for as much as a year next prior to the time he received his injury. This testimony was objected to and the objection sustained, but only after the testimony was before the jury, and the same was never stricken from the record."

Appellee, in his reply to appellant's motion for rehearing, calls our attention to the fact that the above statement is incorrect. We have examined the statement of facts and find that the following testimony was given by Willie Stewart:

"Q. Do you know of any other man that worked for Zachry, or did the class of work that you were doing, that worked as much as two hundred and twenty-five days a year preceding this accident? A. No, sir.

"Q. Did you work for Zachry on that job about as much as any other man that worked for them? A. Yes, sir."

Then follows an objection by counsel for appellant. It therefore is clear that our statement in the original opinion is incorrect, and that the question was not objected to, nor was an objection sustained by the court. We therefore withdraw this statement in our original opinion and find that the testimony was in the record without objection.

Appellant's motion for rehearing has been carefully considered, and, finding the same without merit, it is accordingly overruled.