TRADERS & GENERAL INS. CO. v.
CROUCH.

No. 13649.

Court of Civil Appeals of Texas. Fort
Worth.

Jan. 14, 1938.

Rehearing Denied Feb. 18, 1938.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, and Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for appellant.

Houston & Johnson, of Dallas, for appellee.

SPEER, Justice.

This is a suit by A. W. Crouch to set aside an award of the Industrial Accident Board. Cox Steel & Wire Company, Inc., was the employer, and Traders & General Insurance Company the insurance carrier.

The case was tried to a jury on special issues. Upon a verdict rendered, judgment was entered for Crouch in a lump sum amount. The carrier has appealed to the Dallas Court of Civil Appeals and, by an order of the Supreme Court, has been transferred to this Court for review.

The assignments of error and propositions thereunder may be classified into four groups, viz.: (1) The court erred in not sustaining appellant's plea to the jurisdiction of the court, and in refusing its request for a peremptory instruction on that account; (2) the court erred in submitting an issue to determine appellee's average weekly wage rate under first subsection 3, section 1, of article 8309, Revised Civil Statutes, when no issue had been submitted and determined by the jury, finding it was impracticable to fix the rate under either first subsections 1 or 2 of section 1 of the same article; (3) the court erred in not setting aside the verdict of the jury and in not granting appellant a new trial because of improper argument of counsel for appellee during the trial of the case; (4) the court erred in submitting to the jury an issue inquiring if appellee was entitled, under the facts, to a lump sum settlement, because there was no competent testimony authorizing the submission of such an issue.

Logically, the matter of jurisdiction should have first consideration. We think no error is shown in this respect. The claim filed with the Industrial Accident Board does not have to contain a statement in dollars and cents showing jurisdictional amounts in the court to which an appeal may be taken from the award of the board. Jurisdiction is dependent upon the nature of the injury alleged in the claim to have been sustained. If the claim be one for which the law fixes the amount recoverable, or if the claim states the amount of damages sustained, and an appeal is taken from the award, it must be heard in the court having jurisdiction of the amount. American Employers' Ins. Co. v. Scott, Tex.Civ.App., 33 S.W.2d 845, writ refused. Even this rule is not an ironclad one. For instance, it was held in Hartford Accident & Indemnity Ins. Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205, and in Indemnity Ins. Co. v. Harris, Tex.Civ.App., 53 S.W.2d 631, that where the claim filed was for the loss of an eye, unless the claim specifically excluded all resulting injuries therefrom, the district court on appeal could consider enlarged claims proximately resulting from the injury.

The rule seems to be settled that jurisdiction may be shown by direct allegations in the petition that the amount claimed by him before the board was a

sum within the jurisdiction of the court, or by an allegation containing the claim filed, in which it is shown that it was of such a nature that the average weekly wage, when multiplied by the maximum time for which compensation may be allowed, would produce an amount within the jurisdiction of the court. Beal v. Texas Indemnity Co., Com.App., 55 S.W.2d 801, 802; American Employers' Ins. Co. v. Scott, supra.

The claim filed with the board in this case, as in all claims that have come to our attention, was in an abbreviated form and, among other things, stated appellee had received "severe back injuries as later developments may show." No amount of damages in dollars was set out. Allegations were made that from these injuries appellee was totally and permanently incapacitated to perform manual labor. The petition also stated appellee had presented his claim to the board in conformity with the facts and circumstances set out in the petition.

Webster's International Dictionary defines the word "severe" as "sharp, distressing, violent, extreme, torture, rigorous, difficult to be endured."

"Severe illness," as applicable to representations made in applications for life insurance, relates to attacks of illness or disease which often leave a permanent injury and tend to shorten life. 7 Words and Phrases, First Series, p. 6457.

It does not require a liberal construction of the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., as has so often been enjoined by our courts, to hold that a "severe injury to the back" is one that may result in permanent total disability. It is one for which, upon proof, total and permanent disability compensation may be awarded. The additional allegations of the petition, taken in connection with the nature of appellee's injuries, as set out in the claim before the board, were ample to confer jurisdiction in this case.

There are two general classes of injuries for which compensation is provided under the Workmen's Compensation Act, viz.: (a) Those specific injuries for which the law fixes the amount of compensation, and (b) all other compensable injuries where the amount is based upon incapacity to labor as a result of the injury. Claims for those injuries embraced in the latter class may be filed with the Industrial Accident Board, and the description thereof shown in general terms. The injury sued for in this case is clearly within the second division mentioned, and was sufficient to authorize the board to hear the testimony as to the extent and result of the injury, and to make an award thereon. Likewise upon an appeal by the employee from the award to a court in the county where the injury occurred, under proper pleadings, as in this case, based upon the identical claim filed with the board, in which it was shown the injury was one for which a maximum compensation could be awarded, which when multiplied by the number of weeks of disability proven would bring the amount within the jurisdiction of the district court, the jurisdiction of that court was properly shown. Indemnity Insurance Co. v. Harris, Tex.Civ.App., 53 S.W.2d 631, writ of error refused.

In the recent case of Texas Indemnity Ins. Co. v. Williamson, Tex.Civ.App, 109 S.W.2d 322, 325, the claim filed with the board was shown to be a sprained back; the court said: "The allegations of the petition sufficiently identify the cause of action with the claim filed before the Industrial Accident Board. The court had jurisdiction. Texas Indemnity Ins. Co. v. White (Tex.Civ.App.) 37 S.W.2d 277 [writ dismissed]; Texas Employers' Ins. Ass'n v. Moore (Tex.Civ.App.) 46 S.W.2d 404, 405 [affirmed by the Supreme Court 123 Tex. 302, 70 S.W.2d 702.]" In Texas Indemnity Ins. Co. v. White, supra, it was held that the essential element for jurisdiction, on appeal from an award by the board, is the identity of the injury shown in the claim filed. The case of the same Texas Employers' Insurance Ass'n v. Moore, supra, uses even stronger language; there the court in referring to the White Case said: "In that case, we held that the identity of the injury received by the employee, for which he made claim before the board, with the injury shown by his petition in the court appealed to, was the determining factor in fixing the jurisdiction of that court." The holding in the case last quoted from was expressly approved by the Supreme Court, 123 Tex. 302, 70 S.W.2d 702.

In Beal v. Texas Indemnity Co., supra, the court discussed the pleadings of claimant before the court to which he appealed from the award of the board, and holds that they were sufficient to show he had filed his claim for an injury which resulted

in total permanent incapacity. There, three ways are prescribed by which jurisdiction may be shown; the third is applicable to this case; it reads: "It is sufficient if it be shown that the claim for compensation before the board was for an injury for which the Compensation Law fixes a period of compensation which, when multiplied by the average weekly wage of the claimant, would result in a sum within the jurisdiction of the court in which the suit is brought. Travelers' Ins. Co. v. Peters (Tex.Com.App.) 17 S.W.2d 457."

In American Employers' Ins. Co. v. Scott, supra, it was held that the jurisdiction of the trial court in a suit to set aside an award of the Industrial Accident Board is determined by the maximum amount of compensation authorized by law for the particular injury, for which the claim was filed with the board, and not by the amount of the actual award.

The appellant here relies upon the case of Commercial Standard Ins. Co. v. Robinson, 91 S.W.2d 1147, 1149, decided by this court, in which it was held jurisdiction was not shown in the court to which the appeal was taken. A writ of error was granted by the Supreme Court in that case and has not yet been finally decided. The writ was granted because this court sustained an assignment of error to the trial court's refusal to hold it was without jurisdiction; the error complained of was in effect (a) that the plaintiff's full claim, and only claim, filed by him before the Industrial Accident Board, was for no greater amount than $157; (b) that plaintiff had not filed in the trial court a transcript of the award and the claim asserted by him before the board; and (c) that the notice of appeal from the award of the board stated claimant would bring suit in Dallas county, Tex., to set aside the same, when, the injuries complained of occurred in Tarrant county, Tex. The only similarity between the instant case, and the points raised by the assignment sustained, is that the award of the board in each case was for a sum less than the minimum jurisdiction of the district court. In discussing the Robinson Case this court cited and quoted from many of the cases here cited and upon which this opinion is based, and we shall not now anticipate the final determination of the Robinson Case, when the Supreme Court again carefully reviews the record, but we believe the principles of law involved under a liberal construction of the Workmen's Compensation Act requires the overruling of appellant's assignments of error in which jurisdiction is challenged.

■ The second group of propositions complain that the average weekly wage rate was determined under first subsection 3, in the absence of (a) a jury finding that appellee had not worked for his employer or a similar one for substantially 300 days next prior to the date of his injury, and (b) because the testimony was insufficient to warrant an assumption by the court that no other person in that vicinity had worked at labor similar to that in which appellee was engaged for approximately 300 days next before appellee was injured.

We find by reference to the record that appellant did not present to the court any such objection to the issue submitted as that raised by subdivision "a" above. It was not contended there that first subsections 1 and 2 should have been determined by issues before 3 could be presented. This being true, we cannot review it now. Appellant is in the attitude of having assented to the issue, in so far as it is affected by that objection. Article 2185, Rev.Civ.St.; Bell v. Mulkey, Com.App., 16 S.W.2d 287; Robertson v. Vernon, Com.App., 12 S.W.2d 991; Young v. Massey, Tex.Civ.App., 95 S.W.2d 542, affirmed by Supreme Court 101 S.W.2d 809. The last case cited holds that the specific grounds of objection to the charge must be stated so that the court may have an opportunity to correct the error, if it be such. Nor will the fact that mention is made in the motion for new trial of an objectionable issue, not raised before submission, entitle one to its review on appeal. Texas & N. O. Ry. Co. v. East, Tex. Civ.App., 58 S.W.2d 139.

■ The second subdivision of this group of propositions complains of the sufficiency of the testimony to establish as a fact that it was impracticable to fix appellee's average weekly wage from what other laborers had earned at similar employment in that vicinity. Appellee testified that for the preceding year before his injury he had worked at various jobs for several employers, and at different wages; that he had worked as a common laborer at reduced wages; that the different jobs upon which he labored did not cover substantially 300 days before he was injured; that he did not know of any carpenter, doing similar labor to what he was doing when injured, who had worked in that neighborhood or vicinity, for as

much as approximately 300 days next preceding the date of his injury. Similar testimony was given by at least three other witnesses. It is easy to see how nearly impossible it is to prove that in a city like Dallas, where perhaps there are a thousand or more carpenters, there were none who had worked 300 days during a given year. It is a negative, and proof that practically all had been unemployed at certain times would not affirmatively disprove that the remaining few had not worked. There was no effort made by appellant to disprove what these witnesses had said, and from the nature of the facts to be established we think the testimony offered was sufficient to support the presumptive finding of the court that the fact was established. Article 2190, Rev.Civ.Statutes, as amended, Vernon's Ann.Civ.St. art. 2190; Federal Underwriters Exchange v. Stewart, Tex. Civ.App., 109 S.W.2d 1031, 1033; 23 C.J. p. 27, § 1762. In the Stewart Case, last cited, it appears, as in the instant case, that the insurance carrier made no effort to disprove the testimony offered by the employee; discussing the sufficiency of the proof, the court said: "It occurs to us that where there is no real controversy over the matter in the trial court, very slight evidence will be sufficient to discharge this burden."

In this case, the appellant had as good opportunity as did appellee to produce testimony on the point, if it existed, and we cannot say that with the number of witnesses who testified, and the nature of their statements, there was no testimony of probative force upon which the court could act. The assignments raising the question must be overruled.

The seventh and eighth propositions, included in group 3 above, complaining of argument of counsel, must be sustained. This action involved the liability of the appellant as a carrier of workmen's compensation insurance; it was alleged to be a corporation, and, as a matter of common knowledge among jurors, it was such. The employer carried in its corporate name evidence of the fact that it, too, was a corporation. In so far as this case is concerned, there is no difference in the liability of a corporation, and what it would have been, if the carrier had been an individual, co-partnership, or joint-stock company.

As shown by the approved bill of exception, appellee's counsel said in argument to the jury: "I think they (meaning the defendant insurance company) ought to pay what they owe. And just because somebody else may have happened to work for a corporation, that he would do something to perjure his soul in order to do something for them (meaning members of the jury panel who worked for corporations), I don't believe you will do it. I don't think the time has come when any corporation or insurance company has its grip around a man's throat and can choke him into doing something he don't want to do."

Objection was made to the argument and the objection was overruled by the court; the grounds urged were that there was nothing in the testimony to warrant such remarks and they were inflammatory and highly prejudicial to the rights of appellant.

Again, by bill of exception, it is shown that counsel for appellee in making his argument to the jury, in reference to witnesses who testified and to those who did not testify, said: "Why, even these two witnesses that they have brought here, the foreman and the superintendent, said that he reported it; they didn't see it, but there was one hundred or more men working out there, and the records are absolutely in the hands of the Traders & General Insurance Company, and they had ample opportunity to ascertain the names of everybody out there."

The foregoing argument was objected to at the time it was made upon the grounds that the testimony did not disclose appellant had access to the records of the employer and that the witnesses were available to it, and for the further reason such argument was inflammatory and prejudicial to the rights of the appellant. The court sustained the objection and instructed the jury not to consider the argument; following the ruling counsel said: "Well, gentlemen, you know what the facts are with reference to the witnesses they did get here."

We think, under the rules laid down by our Supreme Court governing arguments, the statements complained of were unwarranted by the testimony, harmful, and clearly calculated to prejudice the minds of the jury against the appellant. We cannot know if it did have that effect; yet we note by the record that appellee was receiving $5.17 per day or at the rate of $31.02 per week, when injured; that only one week of the preceding year does he appear to have earned more, and during other weeks much less. The jury found that $35 per

week was a fair average weekly wage for appellee. From the record before us, certainly the language complained of was unnecessary, inflammatory, and of such a nature as to be calculated to create a prejudice in the minds of the jurors against the legal rights of appellant. In the absence of a showing that it did not have that effect, the law presumes that it did.

We do not believe, if the court had sustained the objection urged in the first instance, that its harmful effects would have been removed, and by the same test we think the sustaining of the second objection did not cure the harmful results already attained; especially in view of the comment made by counsel after the ruling of the court. The latter was in effect a repetition of a part of what had been excluded from the consideration of the jury.

■ The law recognizes the dangers to a litigant's rights, resulting from objections made to opposing counsel's arguments, when made; and therefore it is not required that a party shall make his objections to argument, in the presence of the jury. It is largely a matter of expediency as to whether one will at the time disclose by an openly made objection, and request that it be not considered, when he has been hit a hard blow, even though he believes it a foul one. This, perhaps, is to prevent the jury from knowing how badly it hurt. The rule as to when objections shall be made to argument, however, is affected by whether or not the statements are of such a nature as that an instruction from the court would cure the error. But, if the argument be such that if the court should instruct the jury to forget it had been made, and its harmful effects would not be thereby removed, then the objection need not be made in the presence and hearing of the jury.

■ The record shows that the employer had perhaps a hundred employees, but there is nothing to indicate that the appellant had any better opportunity to procure their attendance in court than had the appellee. The effect of the argument was to get before the jury what some other witness might have testified to if appellant had produced him in court. It is generally hazardous for counsel to argue to the jury that there are other witnesses whom his adversary could have produced, but had failed. The general rule is discussed and condemned in Lottman v. Cuilla, Com.App., 288 S.W. 123; San Antonio Public Service Co. v. Smith, Tex.Civ. App., 57 S.W.2d 179, writ dismissed; Metropolitan Street Railway Co. v. Roberts, Tex.Civ.App., 142 S.W. 44; Robbins v. Wynne, Com.App., 44 S.W.2d 946; Proctor v. Cisco & N. E. Ry. Co., Com.App., 277 S.W. 1047; Morgan v. Maunders, Tex. Civ.App., 37 S.W.2d 791.

Reverting to the first part of the argument objected to, we find nothing in the record which tends to indicate that the appellant or any other insurance company had, by persuasion or coercion, attempted to induce any juror to "perjure his soul" in order to do something for them, nor that any such companies had a strangle hold or grip on the throats of employees of corporations, who by chance may have been on the jury trying this case, by which they could impel a juror to render a judgment against his own will and wishes. Appellee's counsel concede in their brief that the language used was "vigorous in its metaphor," but insist that it was not inflammatory either in the words used or the context and meaning of what was said.

No effort is made by counsel for appellee to show that no harmful effects resulted from the argument; they content themselves by claiming it was all warranted under the circumstances shown in the record. We have searched the record for such a justification, but have found none.

■ It is said in 41 Tex.Jur. p. 816, under section 85: "The burden is upon the appellee to show that no prejudice resulted from the improper argument, and it is no longer the rule that to authorize a reversal there must be a finding of prejudice. On the contrary, the presumption is that improper argument influenced the verdict." See the many authorities cited under the text, to which we also refer.

■ Much latitude has been indulged by the courts of our state in reference to arguments of counsel, in summing up the testimony and in placing their own construction thereon. They may, with propriety, emphasize some phases of the testimony and minimize others; they may make every reasonable deduction from all or any part of it, and bring every element to bear, which tends to show the right of their client to recover, but there are limitations beyond which they cannot go. If they infringe these rules and in their zeal say things which are cal-

culated to engender a prejudice, hatred, contempt, or resentment against the opposing party in the minds of the jury, their clients suffer. Our Supreme Court has, in no uncertain terms, condemned it, and assured litigants that it will scrupulously penalize such practice. Woodard v. Texas & P. Ry. Co., 126 Tex. 30, 86 S.W.2d 38. See, also, Traders & General Ins. Co. v. Offield, Tex.Civ.App., 105 S.W.2d 359; and Metropolitan Life Ins. Co. v. Moss, Tex.Civ.App., 109 S.W.2d 1035. The error assigned must be sustained.

By its sixth proposition, which is referred to by us in the fourth group above, appellant complains at the action of the court in submitting an issue from which determination a lump sum settlement could be required. It is urged that only the appellee testified in regard to the matters inquired about and that he did not show sufficient facts to support the affirmative finding by the jury. The testimony shows appellee will not be able to again do manual labor and earn a living in that way; that he owes about $1,500 in debts; the greater portion of which were contracted prior to the time of his injury; that he owes $300 on his home; that this obligation is payable monthly (the amount of these installments not shown); he said if paid in a lump sum he would pay his debts, educate his children, and procure a small acreage tract of land upon which his wife could raise poultry and thus supplement the family income. While it is true the provisions of our Workmen's Compensation Act anticipated that under certain conditions, and with a certain class of claimants, the plan of weekly compensation was preferable to paying them in lump sums, yet the law wisely provides for the latter class of payments when the former will work a manifest hardship and injustice to him. The choice between the two is one for determination by the jury. National Indemnity Underwriters v. Cherry, Tex.Civ.App., 110 S.W.2d 115. It was resolved in favor of appellee. The payment of one's debts is to be commended; the loss of his home is perhaps involved; the maintenance of credit in the future by payment of back debts is a thing to be desired and is a valuable asset. Under similar facts, this court held the testimony sufficient to support a verdict in the cases of Traders & General Ins. Co. v. Blancett, Tex.Civ.App., 96 S.W.2d 420, and Southern Underwriters v. Shipman, Tex.Civ.App., 97 S.W.2d

370, and a writ of error was denied in both cases. See, also, American Employers' Insurance Co. v. Scott, supra.

We see no merit in the assignments raising the point, and they are overruled.

For the errors pointed out in connection with improper argument, the judgment of the trial court must be reversed and the cause remanded for another trial. This is accordingly done.