**L. C. JOHNSON, Appellant,**

v.

**HOUSTON FIRE & CASUALTY INSUR-
ANCE COMPANY, Appellee.**

No. 5074.

Court of Civil Appeals of Texas.

El Paso.

Dec. 29, 1954.

Rehearing Denied Jan. 12, 1955.

John K. Ford, Gene Bridges, W. W. Kilgore, Midland, for appellant.

B. F. Campbell, W. B. David, Fort Worth, McDonald & Shafer, Odessa, for appellee.

McGILL, Justice.

This is a workman's compensation case in which appellant was the plaintiff and appellee the insurance carrier. Trial was to a jury. The case was submitted on special issues. The jury found that the average weekly wage of plaintiff which would be just and fair to both plaintiff and defendant was $90. The court disregarded the jury findings to effect that there was not another employee of the same class as plaintiff, working substantially the whole of the year immediately preceding the injury to plaintiff on the 9th day of July, 1952, in the same or similar employment in the same or neighborhood place, and rendered judgment for the minimum wage of $9 per week for 15 weeks. Plaintiff has appealed.

The points of error are in substance that the court erred in overruling plaintiff's motion for a judgment on the verdict, because there was some substantial evidence of probative force to support the jury verdict, and especially the finding that there was not another employee of the same class as plaintiff working substantially the whole of the year immediately preceding the injury to plaintiff in the same or similar employment in the same or neighborhood place, and the finding that a just and fair average weekly wage of plaintiff was $90. We here summarize the evidence relating to the question of another employee, as

contemplated by Subsection 2 of Section 1, Art. 8309, V.A.C.S.:

Plaintiff's witness Lewis Niblett on direct examination by plaintiff's attorney testified that from July 1951 to July 1952 (the year immediately preceding the injury to plaintiff) he was doing pipeline work (the same kind of work done by plaintiff at the time of his injury) and was fairly well acquainted with people who do this kind of work; that he knew people who worked in the area where plaintiff was injured who had done the same type of work for substantially the whole of the year between July 1951 and July 1952. He named Jack Thomas, who worked for McVane & Barlow (for whom plaintiff was working when he was injured); that he knew of his own knowledge that he, Jack Thomas, had worked 300 days during the year from July 1951 to July 1952. He also named Albert Wilkinson and James A. Allenwily. It developed that the witness Niblett had been working near Victoria during the year in question. Defendant did not cross examine this witness nor offer any other witness as to other employees. Plaintiff's attorney testified to effect that he had made diligent search and was unable to locate any employee who had worked substantially the whole year as required by the statute. The court sustained an objection to Niblett's testimony as to Jack Thomas on the ground that it was hearsay, and such testimony was withdrawn from the jury. The court also sustained an objection as to Niblett's testimony about Albert Wilkinson, and it was never established that he had worked in the same area as plaintiff during the year in question.

■ We have concluded that on this record the evidence was sufficient to support the jury findings to effect that there was no other employee of the same class as plaintiff working substantially the whole of the year immediately preceding the injury to plaintiff, and that the court erred in disregarding such findings. Where there is no real controversy about the matter very slight evidence is sufficient to discharge the burden cast upon plaintiff to show that there was no other employee of the same class as plaintiff who had worked substantially the entire year in the same kind of work as plaintiff in the same locality. Federal Underwriters Exchange v. Stewart, Tex.Civ.App., 109 S.W.2d 1031, wr. dis.

■ We have also concluded that the evidence was sufficient to support the finding that a just and fair weekly wage of plaintiff was $90. The plaintiff testified that he was working on a pipeline for George Tucker Construction Company from July 1951 to July 1952; that he went to work for McVane & Barlow in May of 1952 and was getting $1.10 an hour and working around 70 hours a week; that his check ran around $90 to $92 a week. This evidence we think was sufficient to sustain the finding of $90 as plaintiff's average weekly wage.

It is therefore ordered that the judgment be reversed and the cause remanded to the trial court with instructions to render judgment in accordance with the jury's verdict.

Reversed and remanded with instructions.